MARGARET HANNAFORD *vs.* MARTIN V. KINNE.
ROBERT HANNAFORD *vs.* SAME.

Middlesex.   March 5, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Landlord and Tenant,* Landlord's liability to tenant. *Negligence,* Of one owning or controlling real estate.

At the trial of an action against the owner of a house containing six tenements, by the occupant of one of the tenements, to recover for injuries alleged to have been received by the plaintiff by reason of a fall upon ice which had accumulated upon some steps which were used in common by the occupants of all of the tenements, there was testimony tending to show that, a short time before the accident, the defendant had repaired the steps, that the ice had accumulated upon the steps because of water which fell thereon from a " gooseneck " which projected from a gutter on the eaves at the top of the house and that there was no conductor attached to the " gooseneck " to prevent the water from falling upon the steps. The premises were in the same condition as to the " gooseneck " at the time when the plaintiff became a tenant as they were when the ice accumulated on the steps, and the condition was obvious. *Held,* that the defendant was not liable, since the plaintiff hired the tenement with reference to its obvious condition at the time of the letting.

TWO ACTIONS OF TORT. Writs in the Superior Court for the county of Middlesex dated April 10, 1906.

The cases were tried together before *Hardy*, J., who, at the close of the plaintiffs' evidence, ordered a verdict for the defendant, and the plaintiffs alleged exceptions.

The facts are stated in the opinion.

*F. J. Carney*, for the plaintiffs.

*J. A. Lowell*, for the defendant.

MORTON, J. These two actions, one by the female plaintiff, whom we shall speak of as the plaintiff, and the other by her husband, were tried together, and at the close of the evidence for the plaintiffs the presiding judge directed verdicts for the defendant. The cases are here on exceptions by the plaintiffs to this ruling.

The plaintiff and her husband occupied a tenement in a house belonging to the defendant. There were five other tenements in the house of which the defendant occupied one. In going down a flight of steps at the back of the house which were for the common use of all of the tenants, the plaintiff slipped and fell on the ice with which the steps were covered, and which was, as one of the witnesses testified, rough and hubbly, and received the injuries complained of. The ice was caused by water which dropped and fell on to the steps from a "gooseneck," so called, projecting from the gutter in the eaves at the top of the house. There was no conductor attached to the "gooseneck" to prevent the water from falling on to the steps. There was testimony tending to show that before the accident the defendant had repaired the steps by putting in three new treads, and had made some repairs in the tenements. So far as the gooseneck and the want of a conductor were concerned, the premises were in the same condition at the time of the accident in which they were at the time when the plaintiff and her husband hired the tenement seven months before. If the absence of a conductor and the manner in which water came down from the gooseneck on to the steps was a defect, it was an obvious one, and the plaintiff and her husband must be taken to have hired the tenement with reference to the condition of the house in that respect at the time of the letting. There is nothing to show, and it is not contended, that the defendant promised at any time

to change the gooseneck or to put on a conductor, or to show that the gooseneck was in any different condition at the time of the accident from what it was in at the time of the letting. The fact that the defendant made repairs on the steps and in the tenements imposed on him no obligation to put on a conductor or to change the gooseneck. *Galvin* v. *Beals,* 187 Mass. 250. *Phelan* v. *Fitzpatrick,* 188 Mass. 237. The cases are governed by well settled principles, and the ruling of the presiding judge was right. *Andrews* v. *Williamson,* 193 Mass. 92. *O'Malley* v. *Twenty-Five Associates,* 178 Mass. 555.

*Exceptions overruled.*