*I. Abrams,* (*M. Ulin* with him,) for the defendant.

---

OTTÁVIA ALESSI *vs.* JAMES FITZGERALD.

Suffolk. March 13, 1914.— May 21, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Landlord and Tenant,* Liability of landlord to third persons. *Negligence,* License or invitation.

A woman who, taking her stepdaughter with her, goes to call upon another woman, whom she has known for eight or nine years, in an apartment in a tenement building for the purpose of seeing such other woman about getting her stepdaughter something to do, is, in relation to the owner of the building in control of its stairways, a bare licensee, to whom such owner owes no duty to furnish a properly constructed stairway or a sufficiently lighted hallway.

TORT against the owner of a tenement building numbered 381 on Hanover Street in Boston for personal injuries sustained by the plaintiff on May 4, 1908, from a fall alleged to have been caused by the faulty construction and want of repair and darkness of a stairway in the building which the plaintiff was attempting to descend when returning from a tenement occupied by one Mrs. Stagnaro. Writ dated July 18, 1908.

In the Superior Court the case was tried before *Wait,* J. The plaintiff put in evidence the defendant's answers to interrogatories filed by the plaintiff, "disclosing that the defendant was the·

owner of the building numbered 381 Hanover Street, Boston,"
and explaining the character of the occupation of the building.

The plaintiff testified that she had known Mrs. Stagnaro about
eight or nine years, that Mrs. Stagnaro's tenement was on the
third floor of the building, that on the morning in question she
went to see Mrs. Stagnaro "about getting her stepdaughter
something to do, some work to do, a job," that she went into the
kitchen of Mrs. Stagnaro's apartment, that her stepdaughter
was with her, that "she stayed in Mrs. Stagnaro's kitchen about
twenty minutes and, when her call was finished, came out,"
and that as she attempted to descend the stairs she fell and was
injured. Other evidence is described in the opinion.

The judge ruled that the plaintiff was not a person invited
upon the premises by the defendant. In his instructions to the
jury he said, "It seems to me there cannot be any contention
but that Mrs. Alessi visited these premises for a purpose of her
own, not for the purpose of a call upon a friend, but for a business
of her own in connection with a matter about which Mrs. Stagnaro
did not hold herself out as transacting business. I must direct
a verdict for the defendant."

The jury, by order of the judge, returned a verdict for the
defendant; and the plaintiff alleged exceptions, including cer-
tain exceptions, referred to in the opinion, which became im-
material.

*J. W. Pickering,* for the plaintiff, submitted a brief.

*C. S. Knowles,* for the defendant.

BRALEY, J. If it be assumed that the defendant's answers to
the interrogatories would have warranted the jury in finding
that he retained control of the hall and stairway, the defective
condition of which is alleged to have caused the plaintiff's injuries,
yet the verdict for the defendant was ordered rightly.

It is true, as the plaintiff contends, that where the landlord,
after the entry of a tenant, remains in possession of a part of the
premises which he is bound to maintain in a reasonably safe
condition for the use of tenants, he is liable in tort, not only to
the tenant, but to the tenant's family, to his servants or em-
ployees, to his boarders and lodgers, and to those who necessarily
use this portion of the premises in furtherance of their business
relations with the tenant, or who visit the tenant by his expressed

invitation, if they are injured through defects which in the exercise of due diligence the landlord should have discovered and remedied. *Marwedel* v. *Cook*, 154 Mass. 235. *Domenicis* v. *Fleisher*, 195 Mass. 281. *Cummings* v. *Ayer*, 188 Mass. 292. *Wright* v. *Perry*, 188 Mass. 268, 270. *Coupe* v. *Platt*, 172 Mass. 458, 459.

But, upon the view of the evidence most favorable to the plaintiff and according to her own uncontradicted testimony, she was injured while seeking employment for a stepdaughter who accompanied her, without any previous invitation to enter the building. It is not shown that the tenant, whose aid she sought, conducted an employment office or was engaged in the business of assisting those out of work to obtain a situation, and the jury would not have been warranted in finding that the plaintiff went to the tenement and used the stairs in returning to the street for any purpose other than her own personal advantage and the benefit of her stepdaughter. The purpose of the visit doubtless was lawful, yet, no implied invitation having been extended by the defendant for strangers to use the premises, she was a bare licensee to whom the defendant owed no duty to furnish a properly constructed stairway or a sufficiently lighted hall. *Plummer* v. *Dill*, 156 Mass. 426. *McCarvell* v. *Sawyer*, 173 Mass. 540. *Faxon* v. *Butler*, 206 Mass. 500.

It becomes unnecessary to consider the admissibility of the previous lease introduced by the defendant to show the basis of the parol contract of letting, or the conversation with the lessee shortly before its expiration, from which the jury could have found that such previous lessee was to continue as tenant at will for the same rental, with the exclusive possession of the entire premises, or whether the mode of construction of the portion of the stairway where the plaintiff fell could be shown by expert testimony to have been unusual and improper.

*Exceptions overruled.*