MARY MACKEY *vs.* ADALINE J. LONERGAN.

Middlesex. March 24, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Of one owning or controlling real estate, Invited person. *Landlord and Tenant.*

One who is in a building by the invitation of a tenant has no greater right of recovery against the owner of the building for personal injuries suffered by him by reason of the condition of the premises than the tenant would have if he were so injured.

In an action for personal injuries suffered when the plaintiff, in entering a building in a city owned by the defendant at the invitation of one who was a tenant at will of the defendant under an agreement which gave entire control of the premises to the tenant and required him to make all ordinary repairs, fell down an unguarded flight of stairs immediately at the right of the entrance, there was evidence tending to show that the position and unguarded character of the stairway were dangerous, that the stairway was constructed as it was in violation of a permit of the building department and of an ordinance of the city and that, if it had been constructed in accordance with the permit issued to the defendant, it would not have been dangerous; that such construction had been done before the beginning of the tenancy of the person by whose invitation the plaintiff was on the premises, and that the premises had not been changed since. *Held,* that there could not have been any recovery by the tenant if he had been injured as the plaintiff was, and that therefore the plaintiff could not recover.

TORT for personal injuries suffered by reason of falling down a flight of stairs in a building in Cambridge owned by the defendant and occupied by one John T. Keane as a tenant at will. Writ dated February 11, 1913.

The declaration as amended was in three counts. The first count alleged that the cause of the plaintiff's fall was the negligent maintenance by the defendant of an unfit, unsafe and dangerous passageway into the premises in question and of an unprotected, unguarded and unsafe flight of stairs in the passageway. The second and third counts alleged that the maintenance of the passageway and the unguarded, unprotected and unsafe flight of stairs constituted a nuisance or trap.

At the trial in the Superior Court before *Fessenden,* J., there was in evidence chapter 13 of the Revised Ordinances of Cambridge relating to the issuing of permits by the superintendent of the building department for the construction or alteration of buildings, section 12 of which provided as follows: "No building, structure or foundation shall be constructed or altered without a permit, and such work shall be done in accordance with drawings bearing the approval of the superintendent."

There was evidence tending to show that the building in which the plaintiff fell had been built by the defendant three years and a half before the accident; that, as the plaintiff, an elderly woman, entered the premises through the outer door, the door opened inward from its right and there was a flight of stairs inside going downward at its immediate right parallel to the outer wall of the building; that the plaintiff did not know of these stairs; and that, as she stepped through the doorway she stepped down these stairs, fell and was injured.

It appeared that the permit issued by the superintendent of the building department of Cambridge to the defendant required that the door in question should open inward from its left, the hinges being on its right side, that the stairs should not go downward from the right of the doorway, but that they should be a curved flight starting from a point away from this outer wall, going toward it and then turning as they descended to run parallel with the wall at the bottom.

It appeared that Keane occupied the premises as a tenant at will of the defendant under an agreement whereby the entire control of the premises was given to Keane who was to make all ordinary repairs and that he had been a tenant of the defendant for about a year.

The other material evidence is described in the opinion.

At the close of the evidence, the judge ordered a verdict for the defendant and reported the case for determination by this court, judgment to be entered for the plaintiff in the sum of $1,500 if the case should have been submitted to the jury; otherwise, judgment to be entered for the defendant.

*T. F. Murphy*, for the plaintiff.

*E. C. Stone*, for the defendant, was not called upon.

CARROLL, J. The plaintiff was injured upon the premises of the defendant which were used by the defendant's tenant as a pool room and bowling alley. In the employ of the tenant was a young boy who made his home with the plaintiff. On Saturday, December 7, 1912, at about twelve o'clock, the plaintiff walked from her home to the bowling alley, to tell the boy to come to his dinner. The door leading to the pool room was at the head of a stairway, and as she opened the door, being unfamiliar with the place, she stepped on the top of the stairway and fell to the bottom, receiving injuries on account of which this action is brought.

When the plaintiff entered the premises of the defendant, she was there either as a licensee or as one invited. Making the most favorable assumption in favor of the plaintiff, then at most she was an invited guest of the tenant, and as such, she has as against the landlord the same right that the tenant himself had, but no greater rights than his. The plaintiff having been invited to the premises by the tenant, and the premises having been in the same condition at the time of her injury that they were at the time of the contract of hire, the landlord is not liable. The plaintiff was not injured on a common passageway where the control remains in the landlord and the obligation is upon him to maintain such passageway in the condition it appears to be in at the time of the letting. *Andrews* v. *Williamson*, 193 Mass. 92. And there was no contract on the part of the landlord to keep the premises in repair, and a negligent failure on his part to carry out this agreement. *Galvin* v. *Beals*, 187 Mass. 250. Nor was there an agreement to keep the tenement in a safe condition for the use of the tenant, as explained in *Miles* v. *Janvrin*, 196 Mass. 431. It is the ordinary case where a store is leased with no express assurance on the part of the landlord that the premises are safe, and where the law implies no such assurance, where the tenant is like a purchaser with no implied warranty of fitness, or where, in the absence of fraud,

he takes the premises as he finds them and the landlord is not responsible, either to him or to his guests or patrons, for any injury which happens thereon.

The plaintiff therefore cannot recover. The verdict was rightly ordered for the defendant; and in accordance with the terms of the report, judgment is to be entered for the defendant.

*Ordered accordingly.*