SALVATORE PIZZANO *vs.* ABRAHAM SHUMAN.

Suffolk.   November 16, 1917. — January 9, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Of one controlling real estate, Invited person. *Landlord and Tenant,* Landlord's liability to invitee of tenant. *Nuisance.*

At the trial of an action of tort against the owner of an apartment house for personal injuries received by a florist's errand boy who fell down steps leading to the basement of the apartment which in darkness and rain he mistook for the entrance to the building whither he was going on an errand to a tenant of the defendant, there was evidence tending to show that the first of the steps down which the plaintiff fell was within half an inch of the line of the public street, that there was no guard in front of the steps and that they were unlighted. It appeared that the defendant had control of the common entrance and passageways of the premises, that the tenant to whom the plaintiff was going on an errand had been a tenant at will of the apartment in the building for ten years and that the condition of the premises as to the steps in question had not been changed at all during his tenancy. *Held,* that, if it be assumed that the plaintiff was upon the premises on business for a tenant and thus by the implied invitation of the defendant, his rights while there were no greater than those of the tenant; that the duty of the defendant to the tenant as to the basement steps was merely to use due care to keep them in the condition in which they were or purported to be at the time of the letting, and that, on the evidence, there was no evidence of a failure to perform that duty.

In the above described action, it further was *held* that neither the fact that the defendant had a janitor on the premises who kept the hallways lighted, nor the fact that "there was a means of lighting that place [the basement steps] by night," was evidence tending to show that the defendant had assumed the obligation of lighting the steps.

In the above described case, it also was *held* that, since it appeared that, when injured, the plaintiff had ceased to be a traveller upon the highway, a violation by the defendant as to the steps in question of an ordinance of the city where the building was, providing that "No person shall maintain an entrance to his estate by steps descending immediately from or near the line of a public street, unless the same is securely guarded," was not evidence of negligence of the defendant.

Where the owner of a building used as an apartment house has permitted a condition which amounts to a nuisance to exist with respect to steps leading from a public street to a basement of the building and, while the nuisance is in existence, lets an apartment to a tenant, retaining control of the steps, if thereafter a person going upon the premises upon business with that tenant is injured by reason of the nuisance, such person cannot recover from the owner.

TORT for personal injuries received on November 19, 1914, when the plaintiff fell down steps leading to the basement entrance to a building owned by the defendant which in darkness and rain he mistook for the entrance to an apartment house numbered 491 on Beacon Street in Boston. Writ dated July 19, 1915.

In the Superior Court the case was tried before *O'Connell,* J. The material evidence is described in the opinion. At the close of the evidence on motion by the defendant and by order of the judge a verdict was ordered for the defendant. The plaintiff alleged exceptions.

Revised Ordinances of the City of Boston of 1898, c. 47, § 54, which was introduced in evidence by the plaintiff, so far as material to this action, provided that "No person shall maintain an entrance to his estate by steps descending immediately from or near the line of a public street, unless the same is securely guarded."

*D. E. Hall & J. Gordon,* for the plaintiff.

*E. C. Stone,* for the defendant.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff on November 19, 1914, by falling down the steps of a basement entrance to a building owned by the defendant. The building was four stories high, situated at the corner of Beacon Street and Massachusetts Avenue in Boston, and numbered 491 Beacon Street. The first floor was occupied as a drug store; the second, third and fourth floors were occupied by tenants of the defendant. The common entrance and passageways were in the defendant's control and possession, and the stairway where the plaintiff was injured had been maintained there since the building was constructed.

The plaintiff, at the time he was injured, was in the employ of a florist as errand boy and shipper. In the late afternoon of the day of the accident, he walked along Beacon Street intending to go to the apartment on the second floor of the building above referred to, which was occupied by Mrs. Lovett, to get a plant from her. In direct examination, he testified that it was raining and he carried an umbrella; that over the basement stairway there was a window which had a light in it "so it looked like 491 — it was very dark there — as if it was a concrete walk there,

and I went to walk in upon the step, and down I went into, — I landed on, — well, on the stone all the way down, . . . "

The evidence shows that in the darkness he mistook the entrance to the basement for the main entrance to the building. There were nine steps to the basement entrance, each step being of stone and approximately nine inches in width. The building was set back some distance from the street line, and in front of the premises there was a grass plot enclosed by brown stone curbings, the first or top step setting out from the outer edge of the curbing a quarter of an inch toward the street line and within half an inch of the street line of Beacon Street; there was no guard in front of the steps leading to the basement.

The plaintiff introduced in evidence § 54 of c. 47 of the Revised Ordinances of the City of Boston of 1898 which was in force at the time the plaintiff was injured.

Upon this record, including the testimony of the plaintiff upon his direct and cross-examination, it is plain that before he was injured he had ceased to be a traveller upon the highway, and had turned off the sidewalk for the purpose of going along what he supposed was a concrete walk leading to the main entrance of the building. Such seems to be the only reasonable conclusion from his testimony, which is not contradicted by any other evidence in the record.

The question remains whether there was any negligence on the part of the defendant in the maintenance of the stairway.

Mrs. Lovett had occupied the apartment as a tenant at will for twelve years before July, 1916, when she moved. She was a tenant at will at the time of the accident. If we assume in favor of the plaintiff that he undertook to go upon the premises upon business with the tenant, and could be found to go there on an implied invitation of the defendant, still his rights against the defendant were no greater than those which Mrs. Lovett would have had under the same circumstances. *Alessi* v. *Fitzgerald*, 217 Mass. 576. *Mackey* v. *Lonergan*, 221 Mass. 296. The evidence showed that the condition of the stairway had remained the same during the twelve years that the apartment had been occupied by Mrs. Lovett, and thus had existed since the building was constructed both as to the absence of guards or railing and the failure to have it lighted. The testimony of Mrs. Lovett

that the defendant had a janitor on the premises who kept the hallways lighted, was not evidence that the defendant had assumed the obligation of lighting the basement stairway. Nor was the testimony of this witness that "there was a means of lighting that place by night," evidence which would warrant a finding that the defendant had undertaken to have it so lighted. There was no evidence to show that the stairway was not in the same condition at the time of the accident as it was at the time of the letting. The law upon this subject is settled by many decisions of this court. The landlord's duty in respect to such a stairway, is that of due care to keep it in such condition as it was in or purported to be in at the time of the letting. He is not bound to change the mode of construction. *Andrews* v. *Williamson,* 193 Mass. 92. *Domenicis* v. *Fleisher,* 195 Mass. 281. *Flanagan* v. *Welch,* 220 Mass. 186. *Fitzsimmons* v. *Hale,* 220 Mass. 461. *Mackey* v. *Lonergan, supra.*

As the plaintiff had ceased to be a traveller upon the highway when he was injured, the ordinance introduced in evidence was not evidence of negligence of the defendant.

Cases, relied on by the plaintiff, where the owners of buildings reserved to themselves the obligation of lighting common stairways and passageways, and have failed in that duty, whereby accidents have occurred and such owners have been found to be negligent, are clearly distinguishable from the case at bar. See *Marwedel* v. *Cook,* 154 Mass. 235; *Faxon* v. *Butler,* 206 Mass. 500.

If the stairway as maintained by the defendant could have been found to be a nuisance, still the defendant is not liable to the plaintiff, because, as stated in *Miles* v. *Janvrin,* 196 Mass. 431 at page 437, "it is not a tort as against the tenant for a landlord to demise to him premises in such a condition that they are a nuisance." See also *Bowe* v. *Hunking,* 135 Mass. 380; *Phelan* v. *Fitzpatrick,* 188 Mass. 237.

As there was no evidence of negligence of the defendant we need not consider whether the plaintiff was in the exercise of due care. It follows that a verdict rightly was directed for the defendant.

*Exceptions overruled.*