EMMA C. CHESTNUT *vs.* CARLETON SAWYER.

Norfolk. January 12, 1920. — February 25, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Exceptions, Conduct of trial: judge's charge.

In the bill of exceptions saved by the plaintiff at the trial of an action for personal injuries caused by slipping on ice alleged to have accumulated, by reason of the defendant's negligence, upon land of the defendant adjacent to the ap-

proach to a post office which occupied under a lease a portion of a building of the defendant, it appeared that there was no provision in the lease affecting responsibility for keeping in proper condition the place where the plaintiff was injured. The bill of exceptions quoted several requests by the plaintiff for instructions to be given to the jury, which were followed by the statement, "The court, in the matters touched by these requests, instructed the jury as follows: . . ." after which was set out in four pages of the printed record what appeared to be quotations from the charge to the jury covering every aspect of the defendant's legal duty and his alleged failure to perform that duty. The plaintiff's exceptions were saved in these words: "By the refusal of the court to give the instructions asked for, and by the aforesaid instructions given, the plaintiff has been aggrieved, and she hereby excepts to the refusal of the court to give said instructions and to said instructions given." At the argument of the exceptions in this court, the plaintiff waived exceptions to refusals to instruct the jury as requested and relied only on an alleged erroneous instruction contained in a single paragraph of the charge. It did not appear that the alleged error was called to the attention of the trial judge at the close of the charge. In considering the exception, it was *stated* that it was doubtful whether any exception was open to the plaintiff under the circumstances.

The portion of the charge which the plaintiff, under the circumstances above described, contended was erroneous, followed a paragraph in which the judge had pointed out that, in order for the defendant to be liable, the jury must find that the plaintiff had been invited upon the premises by the defendant, the judge repeating, with emphasis, that the invitation must be by the defendant. The alleged erroneous instruction was as follows: "Other people could invite this lady upon the premises if they had seen fit, — although the person that invited her was the person that undertook to see that it was safe. It may be that you think there is a difference between the doctor [the defendant] and the plaintiff in that matter. The United States government may have been the person that invited the plaintiff on these premises. If it was, then it was the United States government that undertook the duty of seeing that they were reasonably safe, *no matter to whom they belonged, if it invited her to use them.*" Following this instruction, the judge reviewed the evidence bearing upon the question whether the defendant had invited the plaintiff to go upon the premises. *Held,* that the portion of the charge alleged to be erroneous was not open to objection, and that no substantial error in the charge resulting in a mistrial was shown.

TORT for personal injuries resulting from a fall upon ice alleged to have accumulated, through negligence of the defendant, in an open space upon land in Foxborough owned by the defendant adjacent to an approach to the post office, which under a lease occupied a part of a building of the defendant. Writ dated March 22, 1916.

In the Superior Court the action was tried before *Wait,* J. The material evidence is described in the opinion. The plaintiff made several requests for instructions to be given to the jury. Exceptions to a failure of the judge to instruct as requested were waived in open court at the argument of these exceptions.

That portion of the charge to the jury, in which was in-
cluded the portion quoted in the opinion, was substantially as
follows:

"Now one word on the question of invitation. It is one thing
to invite people there, and another thing to permit them to be
there. In the one case he owes a duty; in the other case, he does
not. . . . So that what you have got to get at here is: Was the
plaintiff invited by Dr. Sawyer upon the premises? And I em-
phasize the words, too, 'by Dr. Sawyer.'

"Other people could invite this lady upon the premises if they
had seen fit, — although the person that invited her was the person
that undertook to see that it was safe. It may be that you think
there is a difference between the doctor and the plaintiff in that
matter. The United States government may have been the person
that invited the plaintiff on these premises. If it was, then it was
the United States government that undertook the duty of seeing
that they were reasonably safe, no matter to whom they belonged,
if it invited her to use them.

"Did Dr. Sawyer? What is the evidence with regard to Dr.
Sawyer inviting anybody to use the premises? There is not any
dispute that he owned them. You have seen the premises, and have
seen how they are laid out. There is not any dispute that he knew
that everybody travelled across those premises in various ways,
and at various times, whenever they chose, and with horses and
carriages and automobiles, on foot and every other way; and, by
notices he put up, he warned them they were not to use them
claiming any right thereby to use them as against him, the owner
of the property.

"With that knowledge, with the premises laid out as they were,
are you satisfied, by a fair preponderance of the evidence, that there
is some definite invitation addressed to this lady, and addressed to
others to use those premises for the purpose of coming to the post
office and for any other purpose? You have got to answer that
from your common sense.

"There were definite concrete walks there. If they were there,
did that imply in any way, one was invited to use them in prefer-
ence to other ways? It might be, and it might not be. It is a
question for you to say.

"If I invite people to go upon my land, I am not obliged to

fence off everything except a path up to my door. The law does not say the absence of a fence is an invitation. . . ."

There was a verdict for the defendant; and the plaintiff alleged exceptions.

*J. F. Warren,* for the plaintiff.

*R. W. Hale, (G. L. Wilson* with him,) for the defendant.

RUGG, C. J. This is an action of tort whereby the plaintiff seeks to recover damages for personal injuries received by her while walking from the door of the post office in Foxborough to the public street. She slipped on ice upon land of the defendant. The issues at the trial so far as now material were, whether the defendant owed to the plaintiff any duty, and whether he had done or omitted to do any act in violation of that duty. *Bernabeo* v. *Kaulback,* 226 Mass. 128, 131.

The defendant was the owner of the building, in which was the post office, and of the open space lying between its door and the street. A lease executed to the United States post office department by the defendant was in evidence. Its terms neither imposed upon him nor relieved him from obligation to care for the open space, and by them. the post office department did not assume obligation to care for the open space or for any part of the building, but the defendant was obliged to keep the leased premises in repair. It does not appear whether the lease covered the open space where the plaintiff received her injury.

At the close of the evidence the plaintiff presented several requests for rulings, which were denied. They covered in general the duty owed by the defendant to the plaintiff and his breach of that duty. It is said in the exceptions, "The court in the matters touched by these requests instructed the jury as follows: . . ." Four printed pages follow, wherein is apparently covered every aspect of the defendant's legal duty and his failure to perform that duty. The saving of exceptions is in these words: "By the refusal of the court to give the instructions asked for, and by the aforesaid instructions given, the plaintiff has been aggrieved, and she hereby excepts to the refusal of the court to give said instructions and to said instructions given." At the argument at the bar of this court, exceptions to the refusals to grant the requests were expressly waived. The only point relied upon or argued is that there was error in this single statement in the charge:

"Other people could invite this lady upon the premises if they had seen fit, — although the person that invited her was the person that undertook to see that it was safe. It may be that you think there is a difference between the doctor [the defendant] and the plaintiff in that matter. The United States government may have been the person that invited the plaintiff on these premises. If it was, then it was the United States government that undertook the duty of seeing that they were reasonably safe, no matter to whom they belonged, if it invited her to use them."

It is doubtful if any exception is now open to the plaintiff under these circumstances. The attention of the judge was not called to this or to any other particular part of the charge at its conclusion as being erroneous. Such an exception after waiver of specific requests is scarcely more than a general exception to a charge. In fairness to the judge, objection to specific portions of the charge should have been brought to his notice and the error upon which reliance was placed pointed out to him. *Curry* v. *Porter,* 125 Mass. 94. *Barker* v. *Loring,* 177 Mass. 389, 391. *Hunting* v. *Downer,* 151 Mass. 275. *Commonwealth* v. *Jewelle,* 199 Mass. 558. In any event, such an exception ought not to be sustained unless there was a substantial error in the charge which misled the jury. *Rock* v. *Indian Orchard Mills,* 142 Mass. 522, 529. *Brick* v. *Bosworth,* 162 Mass. 334, 336.

No substantial error resulting in a mistrial is disclosed in the charge. The paragraph which, it is now urged, was harmful, was not open to objection. The action was not against the tenant but against the landlord. No express agreement between the landlord and tenant in respect of the use or repair of the open space in front of the post office door appears in the record. It was pertinent for the jury to consider all the circumstances in arriving at a conclusion upon the vital issue whether the defendant owed the plaintiff any duty. One circumstance was the fact that a room in the building opening directly out of doors was under lease to a tenant who might be thought to invite the public to its entrance. *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, 372. *Mackey* v. *Lonergan,* 221 Mass. 296. *Scanlon* v. *United Cigar Stores Co.* 228 Mass. 481. *Pizzano* v. *Shuman,* 229 Mass. 240.

*Exceptions overruled.*