## ADAM URSERLEO *vs.* CHARLES ROSENGARD.

Essex.    March 3, 1924. — April 14, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Landlord and Tenant,* Landlord's liability in tort to subtenant or invitee of tenant, Defective railing of common stairway.

At the trial of an action against the owner of a three tenement house for personal injuries received in a fall caused by the defective condition of the railing on a landing which was outside the middle tenement and was part of an outside stairway leading to the various tenements, it appeared that the plaintiff was a lodger of the tenant of the middle tenement. There was evidence tending to show that the railing had been defective for several weeks before the accident, that the plaintiff's landlord had been a tenant of the defendant for a long period and that the defendant had been asked and had refused to repair the railing. *Held,* that

(1) The jury were warranted in finding that the stairway was a common stairway for the use of the tenants, no part of which was let to the tenant;

(2) Upon such a finding, it was the duty of the defendant to use reasonable care to keep the railing and stairway in as safe condition as they were or appeared to be in at the beginning of the tenancy of the plaintiff's landlord;

(3) The question of the defendant's negligence was for the jury.

At the trial of the action above described, there was further evidence that the plaintiff, in the exercise of due care, with a companion after dinner went out on the platform, where there were two chairs, and sat there and talked for a while; that thereafter the plaintiff entered the house and " A woman told him to go out and see how the children were in the yard "; and that, as he went out for that purpose, he fell by reason of the defective condition of the railing. *Held,* that

(1) The plaintiff was not a mere licensee or trespasser;

(2) The defendant was bound to keep the stairway ·and railing, used in common by the tenants, in reasonably safe condition, not only for the tenant of the middle tenement but also for her lodger, the plaintiff;

(3) The plaintiff had the same right to use the platform and railing as did the tenant of the middle tenement, and in such tenant's right;

(4) The plaintiff was entitled to maintain the action against the defendant.

TORT for personal injuries resulting from a fall on stairs in a tenement house owned by the defendant, alleged to have

been caused by a defective railing on an outside stairway devoted to the common use of the tenants. Writ dated May 21, 1917.

In the Superior Court, the action was tried before *Cox*, J. Material evidence is described in the opinion. The trial judge denied a motion by the defendant that a verdict be ordered in his behalf. The jury in answer to special questions found that the railing was a part of and reasonably incident to the common passageway, and that the plaintiff when injured was using the platform as a common passageway. There was a finding for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*E. S. Abbott*, for the defendant.

No argument nor brief for the plaintiff.

BRALEY, J. It appeared from the undisputed evidence that the building owned by the defendant, in which the accident occurred, consisted of a store on the lower or street floor, with separate tenements on the three floors above. At each landing leading to the tenements there was a platform with a railing on the front side of the stairway, running from the side of the building to the stairway post. The railing had a top, and lower stringer connected at intervals by vertical slats. The third or middle tenement was let to Mrs. Stravinsky, hereafter referred to as the tenant, from whom the plaintiff hired a lodging room, and with whom he boarded. It also is stated that the tenant " had no rights in the tenements above or below," and " that nobody had any right or occasion to use the stairs going from the middle landing . . . to the tenement above except the tenants of the upper or top floor; that the stairs were for the exclusive use of the tenants of the upper or top floor and their visitors." The exceptions also recite that, " The stairs going to the tenement above were for the exclusive use of the tenants of the upper floor and their visitors," and that the " jury took a view.". We consider however in this connection, and the photograph of the premises offered in evidence at the trial, and exhibited to us at the argument, and the evidence of one Lawton on which the jury could find, that the middle tenement had

no means of entrance except by the stairway, which had a recessed entrance from the street. The jury further could find on conflicting evidence, that the rail at the middle landing "was a little away from the house," had been "tied with a rope," and that there were "two or three sticks out," and "that the rail was decayed and rotten at each end." It also could be found that before the accident, the defendant, on being asked by the tenant "to fix the fence before the children fell down, . . . made an obscene reply," and that the condition described had existed for a period of three or four weeks before the plaintiff was injured.

The defendant's first contention, is, that the platform in question was part of the tenement over which he retained no control, and his motion for a directed verdict should have been granted. But on the evidence, the jury were warranted in finding, that the stairway was a common stairway for the use of tenants, no part of which was let to the tenant. It accordingly was his duty to use reasonable care to keep it in as safe a condition as it was, or appeared to be at the beginning of her tenancy, and without further comment, there was evidence for the jury of the defendant's negligence. *Grella* v. *Lewis Wharf Co.* 211 Mass. 54. *Flanagan* v. *Welch,* 220 Mass. 186. *Oles* v. *Dubinsky,* 231 Mass. 447. *Kirby* v. *Tirrell,* 236 Mass. 170. *Lindsey* v. *Leighton,* 150 Mass. 285, 288.

The defendant's second contention, is, that at the time of the accident the plaintiff was not using the platform as a common passageway, and the judge should have so ruled. There was evidence that on the day of the accident, the plaintiff, whose due care is not questioned, had dinner "about twelve o'clock," and after dinner he went out on to the platform where there were two chairs, and with a companion sat there and talked. His companion went to work and the plaintiff "got up and went into the house" to dress and get "ready to go to work. . . . A woman told him to go out and see how the children were in the yard, and he went out there to see," and "when he went out the second time he put his hand on that railing there, and that when he did that, it gave way, and he fell headlong" to the

ground. The plaintiff was not a licensee or trespasser. It is settled, that where as in the case at bar a tenant has rights of passage over a stairway in common with the landlord and other tenants, the landlord is bound to keep the passageway over which he still retains control in a reasonably safe condition not only for the use of the tenant, but also of the tenant's boarders, or lodgers. *Coupe* v. *Platt,* 172 Mass. 458, 459. *Marley* v. *Wheelwright,* 172 Mass. 530. *Gallagher* v. *Murphy,* 221 Mass. 363. *Alessi* v. *Fitzgerald,* 217 Mass. 576. If the tenant had gone upon the platform to see " how the children were in the yard," such use the jury could say would have been a necessary and reasonable use of the platform in connection with the tenement occupied by herself and family, and which would not be inconsistent with the rights of other tenants. *Kent* v. *Todd,* 144 Mass. 478, 488. The plaintiff therefore could use the platform for the purpose described, under the authority of the tenant, and in her right. *Alessi* v. *Fitzgerald, supra.*

The case was properly submitted to the jury, and no error of law having been shown in any of the rulings complained of, the exceptions must be overruled.

*So ordered.*