SOPHIE WEBBER *vs.* ROSE SHERMAN.

Suffolk. December 11, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Liability of landlord to invitee of tenant. *Snow and Ice.*

A guest of a lodger in a second floor apartment of a three apartment house cannot recover, in an action of tort against the owner of the house who occupied the second floor apartment, for personal injuries suffered when she fell on ice on a stairway rising from a sidewalk leading from the street and used in common by the tenants and their guests, even though it appears that the ice had accumulated from water flowing from a second floor piazza and that it so flowed whenever there was a rainfall or a thaw, if it further appears that the condition of the premises which caused the water so to flow had existed for a period considerably before the lodger came to live in the defendant's apartment.

TORT for personal injuries resulting from a fall upon ice on the entrance stairway of an apartment house owned by the defendant. Writ dated November 14, 1922.

In the Superior Court, the action was tried before *Raymond*, J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination.

The case was submitted on briefs.

*E. M. Shanley*, for the plaintiff.

*L. C. Doyle*, for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries sustained by slipping upon one of the steps of a stairway leading from the sidewalk to the entrance of a three story apartment house owned by the defendant. The plaintiff was on her way to visit by invitation lodgers in the apartment occupied by the defendant. The evidence tended to show that for a period considerably before the lodger came to live in the defendant's apartment, whenever there was a rainfall or a thaw, water flowed from the piazza of the second story upon the steps and that there was an accumulation of ice on that step formed into grooves and lumpy at the time of the plaintiff's injury.

The defendant owed to the plaintiff as the guest of her lodgers no greater duty than she owed to them. The guest had no right superior to that of the lodgers. *Alessi* v. *Fitzgerald*, 217 Mass. 576. *Follins* v. *Dill*, 221 Mass. 93, 95. *Gallagher* v. *Murphy*, 221 Mass. 363. *Urserleo* v. *Rosengard*, 248 Mass. 542.

The defendant owed to lodgers no duty to change the construction of her tenement for their convenience. Of necessity they took the premises as they found them at the beginning of their occupancy. *Hannaford* v. *Kinne*, 199 Mass. 63.

The evidence did not warrant a verdict for the plaintiff.

*Judgment on verdict for defendant.*