MICHAEL A. ANSARA, administrator, *vs.* GEORGE SKAFF.

Middlesex.    January 14, 1927. — April 6, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Common stairway, Invitee of tenant.

At the trial of an action under G. L. c. 229, § 5, by an administrator for causing the death of the plaintiff's intestate, it appeared that the defendant was the owner of a tenement building, and that a right to use a part of its cellar had been given to the plaintiff's intestate who was a tenant in another tenement building fronting on a street parallel to that upon which the first building fronted and separated from it by a yard; that just after finishing cleaning, at the defendant's request, the part of the cellar of which he had the use, the plaintiff's intestate, finding the door to his tenement in the second building locked, asked the defendant if he knew where his, the intestate's, wife had left the key, and the defendant suggested that she might have left it upstairs in the first building with a woman who was a friend of the intestate and of his wife; that the intestate then went to the friend's tenement in the first building, got the key, and, returning down a stairway used in common with other tenants of that building, fell because of a defective railing and received the injuries which resulted in his death; that the intestate's wife had left the key to the intestate's tenement with the same friend many times before, and, on the occasion in question, had left it with her with the request that she give it to the intestate when he called for it.    A verdict for the defendant was ordered.    *Held*, that
    (1) The evidence would not warrant a finding that the intestate was expressly or impliedly invited to use the stairway and railing where he received his injury;
    (2) A finding was not warranted that the intestate was using the stairway and railing at the express or implied invitation of a tenant of the defendant;
    (3) The verdict for the defendant properly was ordered.

TORT, under G. L. c. 229, § 5, by the administrator of the estate of Mike Skaff, for causing the death of the plaintiff's intestate.    Writ dated August 14, 1925.

In the Superior Court, the action was tried before *Greenhalge*, J.    Fletcher Street and Adams Street, referred to in the opinion, are parallel streets.    Other material evidence is described in the opinion.    At the close of the evidence, the plaintiff asked for the following, among other rulings:

"3. There is evidence from which the jury might properly infer that the deceased was an invitee of the landlord himself.

"4. If the deceased went to the tenement of Mrs. Elias to obtain a key which Mrs. Elias had accepted from Mrs. Michael Skaff to be delivered to the deceased, the deceased was an invitee of Mrs. Elias and had the same rights against the defendant as Mrs. Elias. An invitation to visit leased premises from the tenant may be expressed or implied."

The rulings were refused. By order of the judge, a verdict was entered for the defendant. The plaintiff alleged exceptions.

*A. S. Howard,* (*M. G. Rogers* with him,) for the plaintiff.

*J. C. Reilly,* for the defendant.

SANDERSON, J. This is an action by an administrator to recover damages for the death of his intestate, Michael Skaff, caused by the defective condition of a railing on an outside stairway of a tenement block, fronting on Fletcher Street in Lowell, and owned by the defendant. The stairway afforded access to the tenements in the block, as a common passageway for its tenants, and was in control of the defendant. The railing was made of wood running from the top to the bottom of the stairs, and was nailed to posts set in the stairs. The decedent occupied a tenement in the block fronting on Adams Street and separated from the Fletcher Street block by a yard or alley, and he had the right to use a part of the cellar of the Fletcher Street building. On the morning of the accident, the intestate, at the request of the defendant, was cleaning out his part of this cellar. About noon, after finishing his work, finding the door into his tenement locked, he asked the defendant if he knew where his (the decedent's) wife had left the key and the defendant suggested that she might have left it upstairs with Mrs. Elias, a tenant on the second floor of the Fletcher Street building. He then went up the stairway to the Elias apartment, got the key from her and when returning over the same stairway received the fatal injuries.

There was evidence that Mrs. Elias was a friend of the intestate and his wife; that on the day in question his wife, after locking the door of her tenement, went to that of Mrs.

Elias and left the key with her with the request that she give it to the intestate when he called for it; and that she had left the key there for him many times before. The defendant testified that when the decedent fell the rail that fell with him was in a decayed state on both ends where it had been nailed; that he took care of the stairway and went over it once or twice a week; that when he rented the tene-ment to Mrs. Elias, seven or eight months before, he did not see any rotten condition of the railing; that thereafter he frequently went up and down the stairs and had not noticed that the railing was shaky or in bad condition; that he had made up his mind a couple of months before the accident that he was going to fix the railing but had not done so be-cause he had been too busy. There was evidence that the shaky and decayed condition of the railing had been called to the defendant's attention before the accident.

The question for decision is, whether the judge erred in directing a verdict for the defendant. The jury could have found that the railing appeared to be in good condition when the tenement was let to Mrs. Elias, and that the defendant owed her the duty to use reasonable care to keep it in such condition as it was in or appeared to be in at the time of the letting. *Andrews* v. *Williamson*, 193 Mass. 92, 94. *Urserleo* v. *Rosengard*, 248 Mass. 542, 545. In this respect the de-fendant's duty to an invitee of the tenant would be the same as his duty to the tenant. *Kirby* v. *Tirrell*, 236 Mass. 170, 171. But the evidence relating to the leaving of the key with Mrs. Elias on the day of the accident and on previous occasions was not sufficient to justify a finding that the decedent had the rights of an invitee in going to her apart-ment for it and returning therefrom. *Plummer* v. *Dill*, 156 Mass. 426. *Hart* v. *Cole*, 156 Mass. 475. *West* v. *Poor*, 196 Mass. 183. *Alessi* v. *Fitzgerald*, 217 Mass. 576. Upon the evidence a finding that the defendant had violated any duty owed by him to the decedent with reference to the condition of the railing would not have been warranted.

*Exceptions overruled.*