Gillen, J.
This is an action of tort in which the plaintiff alleges she sustained' personal injury by reason of having *513 fallen on an unnatural accumulation of snow and ice on the front stairs of the premises at 137 Peterborough St., Boston, in January of 1935.
There was evidence that the plaintiff was a lodger of one of the tenants of the building and that both lived at the premises from September, 1934; that on the balcony over the top step a piece of pipe extended beyond the edge of the balcony a matter of inches and that this pipe served to drain melted snow or water from the balcony roof; that two weeks before the accident a witness, who could be found to be the tenant with whom the plaintiff lived, saw water dripping from this pipe onto the step at or near the place where the plaintiff sustained her injury and that this was the first time she saw the pipe and that she called it to the attention of the superintendent of the defendant’s premises.
The superintendent testified that the condition of the premises with respect to the piece of pipe was the same on the day when the accident happened as it was on the day when the plaintiff first became an occupant of the defendant’s premises, and this evidence was not contradicted.
The trial judge found for the plaintiff, and the defendant claims to be aggrieved by the failure of the court to rule as requested.
In the briefs and by arguments both sides treated the stairs in question as the steps of a common entrance under the control of the landlord and we approach the ease on this basis, although the report does not indicate it specifically.
There was no evidence to show the premises were not in the same condition at the time of the accident as they were at the time of the letting. Pizzano v. Sherman, 229 Mass. 240, 243. Webber v. Sherman, 254 Mass. 402. And the defendant owed to a lodger or a tenant no duty to change the *514 construction of the premises as they found them at the beginning of their occupancy. Hannaford v. Kinne, 199 Mass. 63. Stumpf v. Leland, 242 Mass. 168. Caruso v. Lebowich, 251 Mass. 477. Condon v. Winn, 252 Mass. 146. Webber v. Sherman, 254 Mass. 402. Carco v. Arch, Admx., 34 App. Div., 285, No. 263383.
Whether the plaintiff was a tenant of the defendant or a lodger of a tenant the obligation of the defendant to her was the same. Pizzano v. Sherman, 229 Mass. 240, 242. Caruso v. Lebowich, 251 Mass. 477. Webber v. Sherman, 254 Mass. 402.
The plaintiff, in urging the responsibility of the landlord, stresses the fact that the trial judge found the alleged defect to be unobvious, but we do not think that this alone is controlling in placing liability in this type of case.
In Webber v. Sherman, 254 Mass. 402, there was no evidence that the lodgers or their guest had ever observed the alleged defective condition prior to the time of the accident. Yet there was no recovery because the premises were in no different condition at the accident than at the time of the letting.
As there was no evidence in the instant case that the condition of the premises was any different at the time of the accident than it was at the letting, and in the absence of evidence of concealed defects known only to landlord and not discoverable by the tenant, see Minor v. Sharon, 112 Mass. 477, Cutter v. Hamlen, 147 Mass. 471, at 474. the evidence did not warrant a verdict for the plaintiff.
This conclusion makes it unnecessary for us to deal with any of the requests other than the one we have treated.
Judgment for the defendant.