Elizabeth Falden *vs.* Leo Gordon.

Suffolk.    May 4, 1955. — September 19, 1955.

Present: Qua, C.J., Wilkins, Spalding, Williams, & Counihan, JJ.

*Snow and Ice. Landlord and Tenant*, Snow and ice, Common stairway, Landlord's liability to tenant or one having his rights, Contract of letting. *Contract*, Construction. *Negligence*, One owning or controlling real estate, Snow and ice.

Liability of the landlord of an apartment house to a tenant at will of one of the apartments for injuries sustained by slipping on ice accumulated on a step of a common outside stairway was not shown on the ground that the ice was due to freezing of water discharged onto the step because of the form in which an arch over the stairway was built where, so far as appeared, that form of construction had existed when the tenancy began. [137]

At the trial of an action against the landlord of an apartment house by a tenant at will of an apartment for personal injuries sustained through slipping and falling on ice on the top step of an exterior common stairway, liability of the landlord on the ground that he negligently failed to perform an undertaking in the contract of letting with the tenant to remove such snow or ice as might accumulate on the step was not

shown by evidence which left it a matter of conjecture whether the ice causing the tenant's fall came from freezing of water dripping from icicles hanging for several days previously from an arch above and projecting beyond the front of the step or whether the ice came from recent freezing rain and drizzle, and which therefore did not show that the ice had been on the step long enough before the accident so that the landlord in the exercise of due care should have discovered and removed it.   [137–138]

TORT.   Writ in the Superior Court dated January 30, 1950. The action was tried before *Beaudreau*, J.

*Harry J. Williams*, (*Patrick J. Murphy* with him,) for the defendant.

*Paul L. Keenan*, (*Benjamin Kaplan* with him,) for the plaintiff.

QUA, C.J.   This is an action of tort by a tenant at will against her landlord to recover for personal injuries sustained on January 24, 1950, as the result of slipping on ice on the top step of an "exterior common stairway" leading down to the street from the entrance of a brick building in that part of Boston called Roxbury.   The plaintiff rented one apartment in the building.   A motion by the defendant for a directed verdict in his favor upon the pleadings and the evidence was denied, and a verdict was returned for the plaintiff.

The plaintiff's amended declaration was in two counts. The first count alleged the cause of the plaintiff's fall to have been an artificial accumulation of ice brought about by a discharge of water from a ledge over the stairway, which accumulation the defendant had negligently caused and had negligently permitted to exist for an unreasonable time.   No liability was proved under this count.   From a photograph admitted as an exhibit, taken in connection with oral evidence, it appeared that the door of the entrance was slightly recessed with reference to the brick front of the building and was surmounted by a brick arch resting on brick supports at the sides of the entrance.   The arch and its supports protruded slightly from the face of the wall. The top of the arch was covered by two straight capstones slanting from the center toward the respective ends of the

arch.  If this form of construction had anything to do with
the production of an artificial accumulation of ice on the
top step under the arch, it was, so far as appears, in exist-
ence when the tenancy began, and the landlord by merely
renting the premises assumed no responsibility for ice pro-
duced by it.  *Woods* v. *Naumkeag Steam Cotton Co.* 134
Mass. 357.  *Hannaford* v. *Kinne,* 199 Mass. 63.  *Webber*
v. *Sherman,* 254 Mass. 402.  *Rogers* v. *Dudley Realty Corp.*
301 Mass. 104, 106.  *Bailey* v. *Golburgh,* 320 Mass. 309.

The second count of the plaintiff's amended declaration,
however, alleges that as part of the contract of letting the
defendant expressly agreed to keep the stairway clear of
snow and ice and negligently permitted the ice upon which
the plaintiff slipped to accumulate and to remain upon the
step.  The plaintiff testified in substance that when she
applied for the apartment the defendant said there was
janitor service, and that the stairs were kept clean, the
snow shoveled, and salt put down.  If we assume that this
was evidence of the agreement declared upon, such agree-
ment must nevertheless be reasonably construed.  It was
not an agreement to change the construction of the build-
ing so that snow could not fall or ice form upon the step.
It was at most only an undertaking to remove such snow
or ice as accumulated there.  And the defendant would be
liable on this second count only for negligent failure to per-
form this undertaking.  *Nash* v. *Webber,* 204 Mass. 419,
424–425.  *Erickson* v. *Buckley,* 230 Mass. 467, 470.  *Allan*
v. *Essanee, Inc.* 309 Mass. 1.  *Hebb* v. *Gould,* 314 Mass.
10, 14–15.  *Carey* v. *Malley,* 327 Mass. 189, 193.  *Miller* v.
*Berk,* 328 Mass. 393, 396–397.

The point of difficulty in the case is whether there was
any evidence of such negligent failure.  Testimony of the
plaintiff that in December of 1949 or January of 1950,
"there was quite a bit of snow and ice on the steps that had
not been cleaned and for several days there was a lot of ice
at the top step" does not help, since it is too indefinite and
not related to the time of the accident.  The best evidence
from the point of view of the plaintiff was her testimony

that "on the night of the accident the top step was coated with ice and the remaining steps had snow on them" and that she had noticed icicles hanging from the ledge "for several days before the accident, and during the warm part of the day the icicles would drip onto the top step and would freeze when the weather got cold enough." On the other hand, the photograph shows that the arch projected somewhat beyond the front of the step on which the plaintiff slipped, so that water dripping from or running down the face of the arch would not fall upon this step unless blown toward it or diverted in some other way, and the record of the weather bureau for January 24 shows that freezing rain and drizzle began in Boston at 8:35 P.M., and that "glaze and ice formed quickly on all road surfaces." The time when the plaintiff attempted to descend the steps does not appear, except for the reference in her testimony to "the night of the accident." There was no evidence that the steps had not been salted or sanded. Upon careful consideration of the evidence we are of opinion that it was not shown that the ice on which the plaintiff claims she slipped came from dripping icicles which the plaintiff testified she had previously seen rather than from recent snow or freezing rain and drizzle, and that it was not shown that the condition of which she complains had existed long enough before the accident so that in the exercise of proper care the defendant ought to have discovered and remedied it. See *Walsh* v. *Schwoerer*, 312 Mass. 593.

The plaintiff bases part of her argument upon the absence of a rail which she claims was in place when she hired the premises, but it does not appear that this rail had ever been in a position to be reached by a person who had not advanced beyond the recessed top step, and absence of the rail is not set forth as a ground of liability in either count of the declaration.

We think that the defendant's motion for a directed verdict in his favor ought to have been granted.

*Exceptions sustained.*
*Judgment for the defendant.*