EDITH MILLS *vs.* HANNAH SWANTON.

Suffolk.   November 5, 1915. — February 9, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Landlord and Tenant*, Agreement as to repairs. *Contract*, In writing. *Evidence*, Extrinsic affecting writings.

Evidence, tending to show that, "at the time of hiring" a house as a dwelling but previous to the execution and delivery of a lease which contained no agreement by the lessor to make necessary repairs, the lessor orally agreed with the lessee that he "would keep the house in repair, and that the house would be repaired and would be kept absolutely safe during" the lessee's "occupancy," is inadmissible in an action of tort by an employee of the lessee against the lessor for personal injuries caused by a defective condition of the premises, because such evidence tends to modify or control the provisions of the lease.

An agreement by the lessor of a dwelling house to make necessary interior repairs on the premises includes by implication the condition that he is to do so only upon reasonable notice of the need of repair; and in an action of tort by an employee of the lessee against the landlord to recover for personal injuries caused by a defective condition of a stairway mere proof of a defect in such a stairway, which was not obvious and had not been observed by any one before the injury, is not evidence of negligence on the part of the landlord.

TORT for personal injuries received from the breaking of a step of a stairway at the back of a house owned by the defendant and let to William R. Scharton, Esquire, who was employing the plaintiff as a nurse. Writ dated December 1, 1913.

In the Superior Court the case was tried before *Stevens*, J. It appeared that the defect which caused the plaintiff's injury was

not obvious and had not been observed by any one previous to the injury.

The "statements in the evidence of the lessee as to the contents of certain letters received from the defendant," referred to in the opinion, were as follows: "I never had any talk with Mrs. Swanton in relation to Mr. Burns' management of the property except by letters. The contents were relative to the rent and the checks which I sent to Mrs. Swanton to Florida and sometimes there was delay and in several letters she repeatedly asked me that if I would mail those checks to Mr. Burns, as Mr. Burns had the entire charge of her affairs during her absence; that he would do the collecting and anything that had to be done in reference to the house otherwise, if I would immediately communicate with Mr. Burns, who was her sole agent."

The other material evidence is described in the opinion. At the close of the evidence, the plaintiff asked for the following rulings:

"1. On the whole evidence the plaintiff is entitled to go to the jury.

"2. If the defendant, at the time that Mr. Scharton hired said premises, agreed to keep the same in a safe condition for his use, the defendant is liable in damages to the plaintiff.

"3. It was not necessary that the defendant should have notice that the said board was decayed in that there was a duty incumbent upon the defendant to ascertain the condition of said steps."

The presiding judge refused to rule in accordance with the plaintiff's requests, ordered stricken out the evidence of the lessee as to his conversation with the agent Burns regarding repairs, described in the opinion, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*E. M. Shanley,* for the plaintiff, submitted a brief.

*H. L. Whittlesey,* for the defendant.

BRALEY, J. If the defendant, the lessor, was under no obligation to the lessee, the plaintiff's employer, to keep the premises in repair, there can be no recovery for injuries suffered by the plaintiff from the breaking of a defective step while she was passing over the stairs in the ordinary course of her duties as nurse. *Cummings* v. *Ayer,* 188 Mass. 292, 294.

The plaintiff concedes that the lease contains no covenant binding the defendant to make interior repairs during the term if repairs became necessary, and there is no implied covenant that the premises were in good repair, or that the property should continue fit for use as a dwelling house, the purpose for which it was let. *Foster* v. *Peyser,* 9 Cush. 242, 247. It was optional with the lessee whether she would repair the stairs if they became defective, and unless something further appears the plaintiff has mistaken her remedy. *Szathmary* v. *Adams,* 166 Mass. 145.

To meet the situation the plaintiff relies on an alleged parol agreement made by the lessee with one Burns purporting to act as the defendant's agent. It is of course plain that independently of any question of his authority, the conversation "at the time of hiring" that the lessor "would keep the house in repair, and that the house would be repaired and would be kept absolutely safe during my occupancy" were inadmissible to modify or control the terms of the lease subsequently executed. *De-Friest* v. *Bradley,* 192 Mass. 346. *Cawley* v. *Jean,* 218 Mass. 263.

The statements in the evidence of the lessee as to the contents of certain letters received from the defendant during her absence relating to the payment of rent, are also insufficient to show any contract modifying the covenants of the lease.

It moreover is settled that if the defendant had agreed to make necessary repairs it would have been implied that she was to do so only upon reasonable notice, which was not given, and proof of mere want of repair would not be evidence of negligence. *Hutchinson* v. *Cummings,* 156 Mass. 329. *Marley* v. *Wheelwright,* 172 Mass. 530.

We are accordingly of opinion that the plaintiff's requests could not be given and the verdict for the defendant was ordered rightly.

*Exceptions overruled.*