EDWARD N. ALLEN *vs.* WILLIAMS MOTOR SALES COMPANY.

Hampden.   October 27, 1931. — December 1, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, Consideration, What constitutes.   *Frauds, Statute of.*

In the answer by the defendant in an action against a corporation for
alleged breach of a contract of employment, the defendant set up the
statute of frauds.   At the trial, there was evidence that in August or
September the plaintiff and the defendant entered into an oral agree-
ment by virtue of which the plaintiff, who was then in the employ of
the defendant on a commission basis with a drawing account of $50 a
week, was to receive $5,000 a year for his services as salesman for one
year beginning the next January 1; that on January 7, when the plain-
tiff received only $50 in his pay envelope, he had conferences with
officers of the defendant and directed their attention to an alleged mis-
understanding; and that the president of the corporation told him that
the $5,000 would be paid, stating, "You are my right hand man and I
want you to do everything you can to help me.   I depend a lot upon
you.   I want you to build up this sales organization . . . Don't
worry, I will be glad to give you $5,000 for this year."   A motion for a

verdict for the defendant was denied. There was a verdict for the plain-
tiff. Upon exceptions by the defendant, it was *held*, that

(1) The contract made in August or September was valid, although
it was unenforceable by reason of the statute of frauds;

(2) The evidence of the conversations in January, within the year in
which the contract was to be performed, did not warrant a finding of a
consideration for a new contract then made; the plaintiff already was
legally bound to perform the services to which the defendant's promise
related;

(3) A verdict should have been ordered for the defendant.

CONTRACT, with a declaration as amended in two counts
for breach by the defendant of a contract to employ the
plaintiff for a year at $5,000. Writ dated July 28, 1928.

The defendant in its answer averred in substance that
the contract was unenforceable by reason of the statute of
frauds.

The action was tried before *Lummus*, J., who denied a
motion by the defendant that a verdict be ordered in its
favor. There was a verdict for the plaintiff in the sum of
$1,880.60. The defendant alleged exceptions.

The case was submitted on briefs.

*J. P. Kirby*, for the defendant.

*G. F. Leary & G. D. Cummings*, for the plaintiff.

SANDERSON, J. This action was brought to recover
damages for the alleged wrongful discharge of the plain-
tiff while under a contract of employment with the de-
fendant. The jury would have been warranted in finding
that in August or September, 1927, the plaintiff and de-
fendant entered into an oral agreement by virtue of which
the plaintiff, who was then in the employ of the defendant
on a commission basis with a drawing account of $50 a
week, was to receive $5,000 a year for his services as sales-
man for one year beginning January 1, 1928, the defendant's
president then stating to him that he wanted the plaintiff
to build up the finest sales organization in the city. The
statute of frauds was a defence to the enforcement of this
contract and the jury were so instructed without objection.
The plaintiff, however, contends that the statute of frauds
does not apply because he made a new contract on January
7, 1928. The jury found for the plaintiff, and the question

for decision is presented by the defendant's exception to the denial of its motion for a directed verdict on the ground that the contract was within the statute of frauds in that it was not to be performed within one year:

On January 7, 1928, when the plaintiff received but $50 in his pay envelope, he brought the attention of the defendant's secretary to the new contract under which he was then working.   There was evidence that a new schedule was then prepared by the secretary by which he would be paid $300 a month for the first three months of the year and larger sums during the summer months, so that the payments for the year would be $5,000.   The plaintiff testified that after his conference with the secretary, and on the same day, he saw the president of the defendant and directed his attention to some misunderstanding respecting what he should receive in January, because of the fact that he had been paid only $50 that day, and reminded him of the agreement they had made;   that the president then said: "Don't you worry, Allen.   I agreed to pay you $5,000 salary;   I will pay you the $5,000 salary;   don't you worry . . . . You are my right hand man and I want you to do everything you can to help me.   I depend a lot upon you.   I want you to build up this sales organization . . . . Don't worry, I will be glad to give you $5,000 for this year." The plaintiff also testified that he and the president were talking about "the contract that had been made."   On the first Saturday of February the plaintiff was paid $300, and other payments were made amounting in all to $1,650 between January 1, 1928, and July 5 of the same year, when he was discharged.   The manager in the defendant's employ testified to agreeing to the payment of $300 a month but only as a drawing account to be credited against commissions.   He denied agreeing to any larger payments in the later months.   The plaintiff testified that before January 7 no arrangement had been made about how much of the $5,000 he was to receive each month.

The contract made in September, 1927, was a valid subsisting contract notwithstanding the fact that it was unenforceable because of the statute of frauds.   *Amsinck* v.

*American Ins. Co.* 129 Mass. 185, 186. As a general rule a promise to pay one for doing what he is already legally bound to do is a promise without valid consideration for a contract. *Parrot* v. *Mexican Central Railway*, 207 Mass. 184. In that case the court said at pages 194–195: "A limitation of the general proposition has been established in Massachusetts, in cases where a plaintiff, having entered into a contract with the defendant to do certain work, refuses to proceed with it, and the defendant, in order to secure to himself the actual performance of the work in place of a right to collect damages from the plaintiff, promises to pay him an additional sum. This limitation is not intended to affect the rule that a contract cannot be binding without a consideration; but it rests upon the doctrine that, under these circumstances, there is a new consideration for the promise . . . . While it is well established in Massachusetts, the doctrine should not be extended beyond the cases to which it is applicable upon the recognized reasons that have been given for it." In *Torrey* v. *Adams*, 254 Mass. 22, 26, the court said: "The cases in this Commonwealth where an agreement to modify a contract has been held to be supported by the original consideration have rested either on the ground that the first contract has been waived or rescinded and a new contract with modifying terms substituted for it, or on the ground that, one of the parties having refused to perform his part of an executory contract, the other party, instead of resorting to an action for damages, has made a new agreement to pay additional compensation for its performance."

In the case at bar there was no suggestion by the plaintiff that he would not perform his part of the contract. None of its terms purported to be modified by what the defendant's president promised on January 7. Nothing was said to indicate that the parties were then intending to enter into a new contract. The conversation could not be interpreted as an agreement to rescind the earlier contract, even if as a result of the conference with the secretary it could be found that more definite terms as to the times when payments under the contract were to be made

had been reached. *Evers* v. *Gilfoil,* 247 Mass. 219, 224. *Kirkley* v. *F. H. Roberts Co.* 268 Mass. 246, 252.

The testimony in this case taken in the light most favorable to the plaintiff could not properly be found to amount to more than a repetition of promises in behalf of the defendant to pay the plaintiff for the services which, by virtue of the previous agreement, he was bound to perform. This was not enough to create a new contract on the. date of the conversation in January. The fact that the contract entered into in September was unenforceable if the statute of frauds should be pleaded is not in and of itself a reason in support of the plaintiff's contention that the conversation in January created a new contract.

The case of *Tatterson* v. *Suffolk Manuf. Co.* 106 Mass. 56, is distinguishable in its facts, for in that case the rights of the parties related to the plaintiff's second year of service, which he entered upon without a new contract, while in the case at bar the plaintiff's rights are dependent upon the original contract and no new contract by which the plaintiff was to receive $5,000 a year was thereafter made either by the conversation of January 7 or by an implied contract of hire when the plaintiff went to work in January.

The defendant's motion for a directed verdict should have been granted,· and the entry must be

> *Exceptions sustained.*
> *Judgment for the defendant.*