LOUISA GIORGIO *vs.* ANNUNZIATA DiLIEGRO.

SAME *vs.* ANTONIO DiLIEGRO.

Middlesex.     November 17, 1933. — February 15, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant*, Defective railing, Repairs.

The landlord of a dwelling apartment on the second floor of a building was not liable to the tenant for injuries sustained by the tenant two years after the beginning of the tenancy and due to the giving way of a banister attached to the wall of a hall stairway used only for that apartment and in the exclusive control of the tenant, where,

although it appeared that at the time of the letting the landlord stated, "You pay me and I will do whatever is needed, that you need in the house . . . will give you my house in good condition and all that is needed I will do it as long as you live in my house," it did not appear that any notice was given to the landlord that the banister or its attachment to the wall was in need of repair.

A finding was not warranted that, in the circumstances above described, the landlord had agreed to repair the premises in question without notice from the tenant that repairs were needed.

Two ACTIONS OF TORT. Writs dated August 25, 1931.

In the Superior Court, the actions were tried together before *Beaudreau,* J. Material evidence is described in the opinion. In each action, a verdict for the plaintiff in the sum of $2,500 was recorded subject to leave reserved, and afterwards the judge ordered a verdict entered for the defendant. The plaintiff alleged exceptions.

*J. F. Daly,* for the plaintiff.

*W. I. Badger,* for the defendants.

PIERCE, J. These are actions of tort wherein the plaintiff seeks to recover damages for personal injuries sustained through the alleged negligence of the defendants. In each action the declaration, in substance, alleges that the plaintiff was a tenant of the defendant in certain real estate; that at the time she became such tenant she entered into an agreement with the defendant "whereby in consideration of the rent paid and to be paid, the said defendant promised and agreed to keep the hallways leading to her apartment in repair, to do all painting and otherwise keep said hallway and stairs leading to her apartment in good condition. . . . That the defendant on said nineteenth day of April, 1931, negligently failed to keep a railing in said hallway in a reasonably safe manner or condition, and failed to inspect and test such railing which was under the exclusive control of the defendant thereby causing said railing to become loose and defective. And your plaintiff says that this defect was hidden from her causing her while walking up said hallway in the exercise of due care, and holding her hand on said rail which broke from the wall, to be thrown violently down the stairs and thereby causing her severe and permanent personal injuries." The answer of the

defendant in each case is a general denial and contributory negligence.

These actions were referred to an auditor who rendered a finding for the defendant in each case. The report was introduced as evidence by the defendant during the subsequent trial to a jury in the Superior Court. At the conclusion of the evidence at the jury trial the defendant in each action moved in writing that the judge order a verdict for the defendant. These motions were denied and the defendants' exceptions were duly saved. The cases were submitted to a jury which returned a verdict for the plaintiff in each action, "but under leave reserved, in accordance with the provisions of G. L. c. 231, § 120, the court subsequently, on the defendant's motion, directed that a verdict be entered for the defendant in each case with the plaintiff's exceptions to such ruling and order being duly saved."

In each case the material facts which the jury would have been warranted in finding in support of the plaintiff's contentions are as follows: Some days shortly before April, 1929, the plaintiff and her husband began negotiations with the defendants for the hiring of an apartment in Flint Street, Somerville, Massachusetts. This apartment was on the second floor of a building owned by the defendants as tenants by the entirety. A stairway led to the second floor from a hallway which had a private entrance from the street, and was used exclusively by the tenant of the apartment. There was a banister or railing on the right side of the stairway as one entered the doorway to the hallway. The banister or railing was two inches thick, was round and made of wood. It was about eleven feet long, on a slant, and was attached to the wall by three cleats which were made of iron, one at each end and one in the middle, and there were two screws at each cleat. The negotiations resulted in a contract of hiring between the plaintiff and her husband and the defendants, whereby the plaintiff and her husband agreed to pay $40 per month as rent, and the defendants said, "You pay me and I will do whatever is needed, that you need in the house. . . . You pay $40 and I will give you my house in good condition and all that is

needed I will do it as long as you live in my house." A week after the conversation the plaintiff and her husband moved in. About one year thereafter the defendants, because of their agreement with the plaintiff, papered the entire entrance to the hall, and after the paper was put on they painted the lower boards and whitewashed the ceiling of the hall. On the night of April 19, 1931, the plaintiff heard the door bell ring and started to go downstairs to open the front door. She testified, "I was going downstairs and I lean there, and after I lean there it [the banister] moved. I didn't have no chance to move away from it, and I was carried down, myself down and the railing on top of me." She further testified that as she came out of her apartment she had to turn three steps to her left and then go straight down ten steps; that there were fourteen steps, the first three steps as she started down were curved, and the balance of ten steps straight; that the banister was on her left; that the time of the accident was after nine o'clock in the evening; that she lighted the electric light at five o'clock; that the stairway was lighted when she fell; that she made no misstep or fall because of the darkness; that she was on the third step when she fell; that she had hold of the banister with one hand and when she saw the railing coming off she grabbed with the other to steady herself and then the entire railing came apart; that she was not hurrying and did not make a misstep and then hang onto the railing.

The evidence warranted a finding that during the two years of the plaintiff's tenancy the male defendant "at no time got hold of the banister to inspect it, to test its condition"; that he looked at the condition of the hallway to see what was needed and saw that it needed paper and painting but did not know about the railing. The plaintiff offered no evidence that any complaint was ever made about the banister rail to either of the defendants, and there is no evidence in the record that either defendant ever noticed anything the matter with the banister before the accident or had ever looked at it or inspected it.

Upon the entire record it is plain that the jury would not be warranted in finding that the defendants, or either of

them, agreed at the time of the renting to keep the demised premises in reasonable repair without any notice from the tenant. Such being the necessary conclusion of fact, it follows from the uncontradicted testimony of the defendants that there was no notice that the banister was in need of repair or that its connection with or attachment to the wall was insecure. Therefore, upon this issue the verdict was directed rightly for the defendant in each action. *Conahan* v. *Fisher*, 233 Mass. 234, 238. *Fiorntino* v. *Mason*, 233 Mass. 451, 453. The premises were in the exclusive control of the plaintiff. The case falls within the general rule in this Commonwealth "that a tenant cannot recover against his landlord for personal injuries occasioned by the defective condition of the premises let, unless the landlord agrees to repair, makes the repairs, and is negligent in making them." *Galvin* v. *Beals*, 187 Mass. 250, 252. Other possible grounds of defence are not considered.

*Exceptions overruled.*