KATHERINE V. TRAINOR *vs.* ANNIE M. KEANE & another.

Suffolk. November 10, 1939. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Landlord and Tenant,* Repairs, Landlord's liability to tenant or his family or his invitee.

A promise made by a landlord at the time of letting a tenement to a tenant at will, that from time to time he would "come up and see whatever there was to be done," was not a promise to make all necessary repairs on his own responsibility without reference to notice from the tenant.

TORT. Writ in the Superior Court dated February 20, 1936.

At the trial before *Leary,* J., the jury were instructed "that the plaintiff was entitled to recover only by proving that the tenancy was one of the third class of tenancies at will referred to in *Fiorntino* v. *Mason,* 233 Mass. 451." The plaintiff did not except to the charge. There was a verdict for the plaintiff in the sum of $5,100.

The case was submitted on briefs.

*H. Alpern & L. L. Lobel,* for the plaintiff.

*J. F. McDonald & W. B. Sullivan, Jr.,* for the defendants.

RONAN, J. The plaintiff, wife of a tenant at will of the defendants, was injured by the breaking of a piazza railing which was a part of the tenement she occupied with her husband and their family. The jury returned a verdict for the plaintiff, but the trial judge, in accordance with leave reserved, granted, subject to the plaintiff's exception, the motion of the defendants to enter a verdict for them.

The plaintiff alleged that the defendants agreed at the time of the letting to maintain the tenement "in a safe and sound condition for the tenant's use," and contends that there was evidence in support of this allegation. She testified that one of the defendants with whom she made the arrangements to hire the tenement stated that she would

from time to time "come up and see whatever there was to be done." It is on this testimony alone that the plaintiff must rely because the rest of the evidence, including the conduct of the parties after the tenancy began, tended to show that the only obligation in reference to repairs that the defendants assumed was to repair upon notice. The question is whether this particular testimony of the plaintiff is sufficient to show that the defendants agreed to keep the tenement in a safe condition.

The accident was caused by a defect in a part of the tenement, and the liability of the landlords to the tenant and members of the tenant's family must be determined by the contract of letting. The plaintiff, in order to recover, was required to prove that the landlords, upon their own responsibility and without notice from the tenant as to defects, had assumed the active duty of keeping and maintaining the tenement in good repair and in a safe condition for use and occupancy by the tenant and members of his household. *Miles* v. *Janvrin*, 196 Mass. 431; *S. C.* 200 Mass. 514. *Crowe* v. *Bixby*, 237 Mass. 249.

If the promise to go upon the premises and to see what was to be done includes anything more than an inspection of the premises, it does not either in terms or by implication impose any duty upon the defendants to maintain the tenement in a condition of safety at all times during the tenancy. The promise to inspect the tenement was a part of a general conversation in which one of the defendants agreed to "fix up the apartment" and to have some papering and painting done as soon as the tenancy began. No other specific repairs were mentioned. The parties did not understand that the defendants retained such continuous control over the premises as would be necessary to enable them to search for and remedy whatever defects might be found, and that the tenant need not give any thought or consideration to the matter of repairs. The record is clear that during the entire ten-year period of the tenancy, nearly eight of which preceded the accident, not a single repair was made by the defendants until they had been first notified of a defect by the tenant. An agreement to repair on notice from the tenant would not

support the plaintiff's claim. *Wierzbicki* v. *Thacher*, 273 Mass. 346. *Cormier* v. *Weiner*, 277 Mass. 518. *Sordillo* v. *Fradkin*, 282 Mass. 255. *Andrews* v. *Leominster Savings Bank*, 296 Mass. 67. *Chelefou* v. *Springfield Institution for Savings*, 297 Mass. 236.

The evidence is insufficient to show that the defendants assumed the "direct and initial responsibility for the condition of the premises as to safety at all times." *Fiorntino* v. *Mason*, 233 Mass. 451, 454. *Carroll* v. *Intercolonial Club of Boston*, 243 Mass. 380. *Salsman* v. *Frisch*, 276 Mass. 228. *Giorgio* v. *DiLiegro*, 285 Mass. 383.

*Exceptions overruled.*