JESSIE A. BAILEY *vs.* FIRST REALTY CO.

Norfolk.    November 16, 1939, January 31, 1940. — February 27, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Landlord and Tenant*, Landlord's liability for injury to tenant, Repairs, Modification of contract of letting.   *Contract*, Consideration, Modification.

Evidence that an agent of the owner of an apartment being repaired after a fire stated to a prospective tenant that it would be "put in perfectly safe condition" and that the owner never let the property "run down" would not have warranted a finding that the owner agreed to keep the premises in a safe condition so that he became liable in an action of tort for injury sustained by the tenant due to a condition occurring after the beginning of the tenancy.

Evidence merely that after the beginning of a tenancy of an apartment the tenant complained of a need of repairs to the landlord, who then promised the tenant that he, without notice being necessary, would see that the apartment was put and kept in perfect condition, and that thereafter the tenant continued to occupy the apartment, paying rent as before, did not show that there was consideration for the landlord's promise; and the original contract of letting, under which in the circumstances there was no liability of the landlord for injuries sustained by the tenant due to a defect, continued unmodified.

TORT.   Writ in the Superior Court dated April 20, 1938.

At the trial of the action before *Donahue*, J., there was evidence that the plaintiff's tenancy began on August 31, 1934, and that her injuries were sustained on November 4, 1936.   A verdict was ordered for the defendant.   The plaintiff alleged exceptions.

Before this court, the plaintiff contended that the defendant was liable because the relation of the parties was that set forth in the third classification described in *Fiorntino v. Mason*, 233 Mass. 451, 453.

*E. J. Flynn*, for the plaintiff, submitted a brief.

*D. H. Fulton*, for the defendant.

RONAN, J.   The plaintiff excepted to the direction of a verdict for the defendant in an action of tort, brought against her landlord to recover for personal injuries received by her when a chain, attached to a window which was hinged at the bottom and swung down into the room from the top, broke causing the window to strike her.   The accident, she alleged, was caused by the negligent failure of the defendant to keep her apartment in a safe condition for her use and occupancy, as it had agreed to do.

There was evidence that the broker who let the premises to the plaintiff, and who could have been found to have been the defendant's agent, told the plaintiff that the apartment would be "put in perfectly safe condition" and that the defendant never lets the property "run down."   The premises had been damaged by fire and the repairs had not been completed when the plaintiff moved into the apartment. If the defendant was bound by the statements of the broker, then there was nothing contained in the terms of the letting that imposed any obligation upon the defendant to maintain the apartment in a safe condition for the plaintiff's use.   The statements of the broker went no further than a promise to make repairs in order to put the premises in a safe condition.   There is a distinction between a promise to repair and one to keep the premises in a safe condition. The mere failure to repair furnishes no basis for an action of tort for personal injuries caused by such failure. *Cormier v. Weiner*, 277 Mass. 518.   *Sordillo v. Fradkin*, 282 Mass. 255.   *Giorgio v. DiLiegro*, 285 Mass. 383.   *Andrews v. Leominster Savings Bank*, 296 Mass. 67.   *Chelefou v. Springfield Institution for Savings*, 297 Mass. 236.

If the evidence is insufficient to prove that the defendant was required by the terms of the letting to keep the plaintiff's apartment in a safe condition, the plaintiff urges that

the contract of letting was subsequently modified and included such an obligation upon the part of the defendant. There was evidence that, after the plaintiff had begun to occupy the apartment, she complained to the president of the defendant that there were "quite a few things" that needed to be done to make the premises safe, and that he said that the apartment would be put in perfect condition and kept so and that it would not be necessary for her to telephone to him to have repairs made as he "would see to it himself." Notwithstanding the other evidence of the plaintiff, the jury could find that such a conversation with the defendant's president was held and they could find that he promised her that the apartment would be put in perfect condition and kept so; that "he would see to it himself"; and that it would not be necessary for her to telephone him for repairs. *Fiorntino* v. *Mason*, 233 Mass. 451, 454. *Crowe* v. *Bixby*, 237 Mass. 249. It is true that a contract of letting may be changed by a subsequent oral agreement if based upon a sufficient consideration. *Conroy* v. *Toomay*, 234 Mass. 384. *Tashjian* v. *Karp*, 277 Mass. 42. *Commonwealth Investment Co.* v. *Fellsway Motor Mart, Inc.* 294 Mass. 306. A landlord is liable for negligently making repairs under a contract and not as a gratuitous undertaking even if the contract to repair was made after the tenancy began. *Feeley* v. *Doyle*, 222 Mass. 155. *Withington* v. *Rome*, 258 Mass. 188. *Lischner* v. *Hahn*, 273 Mass. 259. *Cleary* v. *Union Realty Co.* 300 Mass. 312. The burden was upon the plaintiff to show that the promise of the defendant's president was supported by a consideration. She wanted certain repairs made. She continued to occupy her apartment. She did not express any desire to vacate if changes were not made by the defendant. There was no change in the rental or the tenure. On one occasion she delayed paying the rent because she did not "get things done but she later paid it." There was no evidence that any change in the amount, method or times of payment of the rent was made or considered at the time of the defendant's promise. *Allen* v. *Williams Motor Sales Co.* 277 Mass. 295. She did not agree to remain as a tenant in consequence of any promise of the

defendant. In fact, she did not agree to do anything in exchange for the promise by the defendant to maintain the apartment in a safe condition during her tenancy. The record does not show that the defendant received any benefit for making the promise or that the plaintiff suffered any detriment. There was no consideration for the defendant's promise and the original contract of letting remained unaffected, *Parrot* v. *Mexican Central Railway*, 207 Mass. 184; *Torrey* v. *Adams*, 254 Mass. 22; *Fienberg* v. *Adelman*, 260 Mass. 143, and the contract of letting being insufficient to impose any duty upon the defendant to keep the plaintiff's apartment in a safe condition, there was no error in directing a verdict for the defendant. *Carroll* v. *Intercolonial Club of Boston*, 243 Mass. 380. *Wierzbicki* v. *Thacher*, 273 Mass. 346. *Salsman* v. *Frisch*, 276 Mass. 228. *Giorgio* v. *DiLiegro*, 285 Mass. 383. *Trainor* v. *Keane*, 304 Mass. 466.

*Exceptions overruled.*