Rollins, J.
The plaintiff, daughter of a tenant (apparently a tenant at will) of the defendant, was injured on September 1, 1939, as the result of a fall caused by a defect in a step on the stairway at the front entrance of a single family dwelling house owned by the defendant which the plaintiff occupied with her mother.
*243 The mother of the plaintiff had been a tenant of this real estate for several years.
The defendant acquired the premises by foreclosure on July 21, 1939.
On the date of the foreclosure sale an agent of the defendant’s visited the premises, saw the tenant, notified her of the foreclosure sale and had a conversation with her. There was evidence tending to show that this conversation was as follows:—
The tenant said, “it (the house) needed lots of repairs”.
The agent said, “You don’t have to tell us what has to be done. We are taking complete charge and will make all necessary repairs now and in the future. We are going to look over the whole place and will fix what has to be done. When the man comes, remind him of rat holes around the cistern” . . . “The property would be repaired. Not to worry about it. They would take care of everything. They would make necessary repairs and take complete charge of the place” . . . “There is nothing to worry about. We are going to take full charge. He would send a man up to see about the repairs. He said the man would be sent up in a short time. He said he would make repairs now and in the future”.
The defendant seasonably filed seven requests for rulings. The Court allowed the first six requests. The seventh request was sub-divided into six parts numbered 7 (a) to 7(f) and the Court allowed 7(d) and 7(e) and denied 7(a), 7(b), 7(e) and 7(f).
The Court found for the plaintiff in the amount of $1250. The action of the Court on requests for rulings numbered 7(a) to 7(f) and the finding for the plaintiff do not appear in the Report but do appear in the copy of “Docket Entries” and it was agreed by the parties in open Court at the argu *244 ment of this appeal that the record of the docket entries should have the same force and effect as if included in the Report.
The defendant’s requests for rulings numbered 7(a) and 7 (c) read as follows:
“7. Upon all the law and all the evidence a finding for the defendant is warranted, because (a) The evidence does not warrant a finding that the parties agreed at the time of the letting that the defendant should retain control over the front stairway where the alleged injury occurred. ° (c) The evidence does not warrant a finding that the defendant agreed to keep the front stairway in a safe condition at all times”.
The defendant, claiming to be aggrieved by the finding and the refusal of the Court to rule as requested, the case was reported to this Appellate Division for determination.
The plaintiff cannot recover unless the defendant, prior to the accident, had agreed with the tenant “to maintain the premises in a safe condition for the tenant’s use”. It is not enough that the defendant agreed to make specific repairs or even agreed to make repairs generally. Miles v. Janvrin, 196 Mass. 431, 433, 434; Fiorntino v. Mason, 233 Mass. 451; Crowe v. Bixby, 237 Mass. 249; Trainor v. Keane, 304 Mass. 466.
The point then, that we must decide is, did the words used by the defendant above quoted, viewed in the light of all the surrounding circumstances, amount to a promise to maintain the premises in a safe condition for the plaintiff’s use.
. In our opinion they did not. They amounted only to a promise to keep the premises generally in repair..
The above quoted conversation does not contain any promise on the part of the defendant to keep the house *245 “safe to live in”. See Crowe v. Bixby, supra at page 251. Nor a promise to maintain the house “in a safe and sound condition for the tenant’s use” or “in a condition of safety at all times”. See Trainor v. Keane, supra at pages 466, 467.
The words “safe” or “safety” do not occur in the whole conversation.
The plaintiff cannot prevail in this action. The defendant’s request numbered 7(c) should have been allowed. Its denial was prejudicial error.
The finding for the plaintiff must be vacated and a finding for the defendant entered.
SO ORDERED.