Gadsby, J.
This is an action of contract or tort in which the plaintiff seeks to recover for personal injuries allegedly sustained on or about March 7, 1942, with a declaration as follows:
“And the plaintiff says that on or about March 7, 1942, he occupied the defendants’ store premises located at 111 Hammond Street, Waltham, Massachusetts, as a tenant at will, wherein he conducted a shoe repairing shop, and that on that day while he opened the lavatory door to enter there, the lavatory door came off the hinges and fell over the plaintiff, whereby the plaintiff was thrown down and injured and suffered great pains of body and mind; and the plaintiff further says that said defective, unsafe, negligent and deceitful condition of said door was hidden, concealed and not apparent, and could not be discovered and remedied by the plaintiff by the exercise of due care and diligence, *7 and the defendants carelessly and negligently omitted to inform the plaintiff of the said unsafe, negligent, improper, dangerous and deceitful condition and construction of said door, or to take any precaution to protect him from said accident and danger on account of same. And the plaintiff further says that on account of injuries sustained as alleged herein, he was disabled from work for a long’ period of time, sustaining loss of earnings, and that he expended moneys for medical care and attention, all to his damage, as alleged in his writ. ’ ’
The answer is a general denial, contributory negligence and an averment that if there were injuries as alleged, they were caused by someone other than the defendants for whose conduct the defendants are not responsible.
At the trial there was evidence to show:
That the defendants were the owners of the premises where the accident occurred. That sometime in the fall of 1941, the plaintiff rented the premises as a tenant at will from the defendants; that at the time of the renting, the plaintiff asked the male defendant, a storekeeper, how much the rent was for the store; that the latter said $20.00 per month and that the plaintiff asked the defendant if he would fix up and repair the store and the defendant said that he would. That the plaintiff said, “Everything matter inside you fix?” and the defendant said, “Yes.” That the defendant painted and placed some shelves in the front part of the store and the plaintiff moved in. That a few months later, the door to the toilet in the rear of the store became loose; that the plaintiff told the defendant about it and he later repaired the door temporarily and it is admitted that he was negligent in making the repairs, and it is agreed that the male defendant was acting for himself and as agent for the female defendant at all times. That a short while later, on or about March 7, 1942, the door to the toilet fell and injured the plaintiff.
*8 At the close of the trial and before arguments, the defendants made the following requests for rulings: 1. That the evidence does not warrant a finding for the plaintiff. 2. That the plaintiff cannot recover on his declaration. 3. That the door which the plaintiff alleges caused his injury was part of the demised premises at the time of the accident. 4. That if the defendants gratuitously made repairs to the door which the plaintiff alleges caused his injuries, they are liable only for gross negligence. 5. That there is no sufficient evidence to warrant a finding that the defendants were grossly negligent in repairing the door. 6. ’ That if the defendants made any repairs to the door which the plaintiff alleges caused his injuries, there is no sufficient evidence to warrant a finding that the alleged repairs were made for a consideration. 7. That there is no sufficient evidence to warrant a finding that the alleged defect was a latent one that was known, or should have been known, to the defendants.
The Court allowed defendants’ requests numbered 3, 4, & 5 and denied those numbered 1, 2, 6 & 7.
The Court found the following facts:
“I find that as part of the consideration for the letting, the defendants, by the male defendant, agreed to do repairs in the rented premises; that the male defendant, a storekeeper, attempted to repair a door in said premises and did not do so properly but negligently, and as he testified, ‘temporarily.’ Because of his negligence the door fell and injured the plaintiff. I allow defendants’ requests for rulings 3-4-5 and deny those numbered 1-2-6-7 either because they are inapplicable to above facts and contrary to said facts or inconsistent with them, ’ ’ and found for the plaintiff.
Our problem concerns itself with the interpretation of this agreement between the parties. The relationship between the landlord and the tenant has been summarized by Chief Justice ftugg, in Fiorntino vs. Brown, 233 Mass. 451 at 452. He divides this into three general classes:
*9 FIRST. The ordinary oral contract for tenancy at will without further agreement. There is no implied agreement, apart from fraud that the demised premises are or will continue to be fit for occupancy and safety and in good repair. The tenant takes the premises as he finds them and there is no obligation on the landlord to make repairs.
SECOND. The parties may agree that the landlord shall make necessary repairs during the tenancy and thus vary the rights and obligations implied by the law as a part of the ordinary relation of tenancy at will.
THIRD. The parties may make a still different agreement to the effect that the landlord shall keep and maintain the premises in a condition of safety on his own responsibility and without reference to notice from the tenant of defective condition.
It is clear that the landlord cannot be held liable unless by virtue of some contract he agreed to make repairs and made them negligently. Kearines vs. Cullen, 183 Mass. 298. Mackey vs. Lonergan, 221 Mass. 296. Bergeron vs. Forest, 233 Mass. 392.
The question then arises as to whether the evidence would support a finding that the defendants, as part of the renting, agreed, to make repairs during the continuance of the tenancy. It would seem that the agreement would not extend this far. It would appear that a reasonable interpretation . of the language used wherein the plaintiff said, “Everything matter inside you fix?” and the defendant said, “Yes,” would simply mean that the defendants would place the store in such a condition as would enable the plaintiff to conduct his shoe business.
Where the landlord makes repairs gratuitously he is liable only for gross negligence unless death is caused by his negligence in which case, the liability for death being wholly statutory, he is subject to the penalty provided there for ordinary negligence. Brown vs. Thayer, 212 Mass. 392 at 397 and 398; Massaletti vs. Fitzroy, 228 Mass. 487; Flynn *10 vs. Lewis, 231 Mass. 550. It was held in Trainor vs. Keene, 304 Mass. 466, that a promise made by a landlord at the time of letting, that from time to time he would “come up and see what ever there was to be done” was not a promise to make all necessary repairs on his own responsibility.
In Bailey vs. First Realty Co., 305 Mass. 306, a promise that an apartment would be “put in perfectly safe condition” and that the defendant “never let the property run down” did not warrant a finding that the defendant agreed to keep the apartment in a safe condition.
The fact that the defendants on notice did repair the door does not render the defendants liable for negligence. It was a gratuitous act. As the court said .in Conahan vs. Fisher, 233 Mass. 234 at 238, “The making of repairs by a landlord, from time to time in response to the request of a tenant, does not constitute an admission of responsibility on the part of the landlord. These are gratuitous acts which do not impose continuous liability. McKeon vs. Cutter, 156 Mass. 296; Kearines vs. Cullen, 183 Mass. 398; Hannaford vs. Kinne, 199 Mass. 63.
As was said in Galvin vs. Beals, 187 Mass. 250 at 252, ‘ ‘ The general rule in this commonwealth must be considered as settled that a tenant cannot recover against his landlord for personal injuries occasioned by the condition of the premises let, unless the landlord agrees to repair, makes the repairs and is negligent in making them.”
We therefore are of the opinion that the trial judge should have granted request #2 and therefore the finding for the plaintiff is vacated and a finding ordered for the defendant.