Carr, J.
This is an action of contract or tort with a declaration in three counts. In his brief the plaintiff says that two are in contract and one in tort.
The plaintiff, a tenant at will, asserts that the defendant, his landlord, contracted to keep the cook stove in the apart *308 ment in repair, that as the result of failure so to do, the plaintiff could not use the stove and that he and his wife had to eat their meals outside the apartment at greater expense and that he is entitled to he compensated for the additional expense.
In the ordinary relation of landlord and tenant at will without express agreement, the tenant takes the premises as he finds them and there is no obligation on the landlord to make repairs. Fiorntino v. Mason, 233 Mass. 451, 452. The only evidence in the case tending to change this situation is the testimony of the plaintiff that (at the time of hiring) he went into the bathroom and the kitchen and asked if everything was all right; that the defendant said “yes, if not to let him know”; that the plaintiff asked the defendant who takes care of repairs; that the defendant said “we do”; and the testimony of the defendant “that he made no agreement to make repairs, but if repairs were required we make them” and the testimony that defendant did make certain repairs.
The most favorable decision in behalf of the plaintiff which the trial judge could have made on this evidence is that there was an agreement to repair on notice. This is an agreement of the second class described in the Fiorntino case (supra) at page 453 where the court said, “Failure to comply with such agreement gives rise merely to a right of action for breach of contract, where the damages commonly are only the cost of making repairs. A negligent omission to repair is not ground for an action of tort,” cf. Trainor v. Keane, 304 Mass. 466.
The allegation in the pending case is that the defendant failed to make repairs; there is no allegation in the plaintiff’s declaration and no suggestion in his requests for rulings and no evidence requiring a finding that the defendant made repairs negligently. (See later.in this opinion.) Consequently we need give no more consideration to *309 plaintiff’s count or counts in tort. If the second count can be construed as a count in trespass there is no evidence that any entry of the defendant into the plaintiff’s apartment was without the plaintiff’s consent.
The plaintiff filed eight requests for rulings and now says that he is aggrieved by the denial of request number 1, by the rulings upon requests numbered 3, 4, 7, 8 and by the denial of the Motion for Correction of the Record Relative to the Court’s Disposition of Requests 2, 5 and 6.
The motion referred to reads as follows: “Now comes the plaintiff . . . and moves . . . for a correction of the record relative to the disposition of the 2nd, 5th and 6th Requests for Rulings because of the inconsistency in the allowance of the said plaintiff’s Requests for Rulings and the general finding made by the Court for the defendant.
The motion itself does not explain where the inconsistency lies. The record shows simply that there was a hearing on this motion and that the motion was denied. We have no way to determine why the motion was denied. If the defendant had wished to raise some question of law on appeal he should have made requests for rulings of law. Railway Express Agency, Inc. v. Michelson, 311 Mass. 704. If the bare reporting of this motion brings anything before us on appeal there is nothing in regard to it which will not be covered by the discussion of the rulings made at the trial.
The first request is as follows: “That the evidence is such to entitle the plaintiff to a finding. ’ ’ The plaintiff is familiar with Bresnick v. Heath, 292 Mass. 293 and seems to think that the word “entitle” is as good a trap for the unwary as the word “warrant.” Of course “entitle” has not the same meaning as “warrant.” The disastrous word in Bresnick v. Heath was “warrant.” In that same case the court said on page 298, ‘ ‘ The request was not a request that as matter of law the plaintiff was entitled to recover *310 (the italics are ours) . . . The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor.” In other words “warrants” means that the court is justified in finding; “entitled” means that the plaintiff has the right to a finding. In the pending case the decision depended on what facts the court found. He did not have to find facts in favor of the plaintiff.
The second, fifth, and sixth requests may be considered together. They are as follows:
“2. That where the defendant landlord has agreed by contract to make repairs, and has broken the contract by a failure to make the repairs, the defendant landlord is liable to the plaintiff tenant for breach of the same. 5. That the payment of rent by the tenant to the landlord was a performance of his agreement, and that no breach of agreement by a landlord falling short of an eviction excuses the tenant from paying-rent. 6. That the plaintiff tenant was under no duty to supply the repairs the landlord had omitted or refused to make.”
The plaintiff is greatly distressed by the finding for the defendant after the granting- of these three requests. Unfortunately he does not tell us why. We have no way of knowing what he told the trial judge at the hearing- of his motion for correction of the record. We can guess that he believed that by the granting of these requests, the judge established the facts set forth in them and that such facts made a finding for the defendant impossible.
The best that can be said for request 2 is that it is equivocal ; the worst, that it does not imply what the plaintiff seems to think it does. The plaintiff could easily have removed all question as to his meaning by eliminating the doubtful word “where” and inserting some such words as “and consequently” before the words “the defendant,” where they appear the second time in the request. It would then have read as follows: “That the defendant landlord *311 has agreed by contract to make repairs, and has broken the contract by failure to make the repairs, and consequently the defendant landlord is liable to the plaintiff tenant for breach of same.” As no issues raised in this appeal except those relating to the three requests under consideration have any value whatsoever, the trial judge could easily have removed all doubt in the most questioning mind and probably have obviated appeal by disposing of these requests with some such language as “assuming the facts, the conclusion follows.”
The word “where” has several meanings. If the plaintiff wanted to limit the trial judge to some particular meaning he thought the word had, he should have stated it. Webster’s New International Dictionary among others gives the following definition of “where.” “2. At or in which place; at the place in which; hence, in the case or instance in which;”. Not limited, the judge could assume the word had any of its usual meanings. The judge was well justified in assuming that “where” in this request meant “if” or “assuming” or “in the case in which.” The fact that in disposing of the very next request and several subsequent ones the judge said “I do not find there was any breach of any contract” is a clear indication of the interpretation he gave to the request under consideration.
The other two requests, five and six, furnish no basis for the assumed contention of the plaintiff. If the mere narration of fact in an ostensible request for ruling of law were sufficient to establish the fact, it would never be safe to give a request for ruling of law. The court was justified in considering the recital of fact in all these requests as hypothetical. Considering the disposition of the rulings in the case as a whole it does not appear that any error has been committed as to those under consideration. John Hetherington & Sons v. William Firth Co., 210 Mass. 8, p. 19; Dubois v. Goldstein, 277 Mass. 139.
*312 Bequests 3, 4, 7 and 8 relate to damages. The third request is lifted bodily from Hetherington & Sons v. Firth, supra, at p. 21. The fourth and seventh requests are language taken out of A. W. Banister Co. v. P. J. W. Moodie Lumber Corp., 286 Mass. 424 together with the substance of the eighth. Sentences taken from one case, through good law where they appear, may have nothing* to do with the issues of another case. Swan v. Justices of the Superior Court, 222 Mass. 542, 545. As to their value in the pending case to justify the damages claimed by the plaintiff see Fiorntino v. Mason, 233 Mass. 451, 452 (supra) and the discussion of liability earlier in this opinion.
The trial judge disposed of these four requests as follows : “I do not find there was any breach of any contract.” This obviously meant that he found no breach of any contract which the evidence warranted him in finding. There was nothing* to require the court to find a breach of such contract. It does not appear that the stove was defective at the time of letting. It does not appear whether the leaks were the result of ordinary wear or the result of rough handling on the part of the tenant or others. Unfortunately many people notoriously are hard on other people’s property. It does not appear that the defendant did not repair when requested nor does the fact that several repairs were made require a finding under the circumstances that they were made negligently. The fact that other stoves were substituted requires no conclusion of negligence where it is not shown why the other stoves were needed. A finding of negligence cannot be required on the fact alone of failure speedily to produce a new stove in these days of war and rationing.
It is clear that the trial judge never reached the question of damages. If there is no breach, there is no damage. Whether he said the requests as to damages were inapplicable or immaterial is equally immaterial.
Beport dismissed.