NELLIE E. McDERMOTT *vs.* MERCHANTS COOPERATIVE BANK.

Middlesex.   October 10, 1946. — November 12, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant*, Landlord's liability to tenant or his family or his invitee, Banister.

A landlord was not liable to a guest of his tenant for personal injuries sustained in a fall on a curving stairway which was a part of the premises let and was in the exclusive possession and control of the tenant, where it appeared merely that after the tenancy had begun the landlord gratuitously had placed banisters on the inside of the curve of the stairway, and that the location, construction and condition of the stairway and banisters were open and obvious.

TORT. Writ in the Superior Court dated October 9, 1941.

The case was tried before *Warner*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. H. McLaughlin*, for the plaintiff, submitted a brief.

*R. B. Snow*, for the defendant.

RONAN, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff when she fell

down a stairway in the early evening of May 2, 1941, as she was leaving the apartment of her daughter Mrs. Murphy, with whom she had made a social visit. Mrs. Murphy and her husband, together with their family, since 1935 had occupied this apartment, which was located upon the second floor of a building owned by the defendant. The stairway was a part of the premises occupied by the Murphys and was under their exclusive possession and control. The stairway as one descended to the first floor was straight for five steps, then curved about ninety degrees to the right for three steps, and then continued in a straight course to the first floor. When the Murphy tenancy began in 1935 there was no banister on this stairway. At the suggestion of an agent of the defendant, agreed to by Mrs. Murphy, the defendant in 1939 installed a banister on the inside of the curve or on the right side of the stairway as one descends it. This banister consisted of two sections, the first from the top step to where the stairway began to curve, and the second from where the stairway straightened out to the lower hall; and the top end of the second section was about two feet lower than the nearer end of the first section. The plaintiff contends that this banister ought to have been one continuous piece, and that it should have been placed on the outside of the curve. The declaration consisted of a count alleging negligence, a second count alleging the maintenance of "a trap," and a third count alleging the creation by the defendant of a dangerous instrumentality. The plaintiff excepted to the direction of a verdict for the defendant.

The rights of the plaintiff as against the defendant are no greater than those of the tenant, and if the latter could not recover then the former cannot prevail. *Mills* v. *Swanton*, 222 Mass. 557. *Harrington* v. *Dorchester Fields Corner Storage Warehouse Co.* 297 Mass. 85, 90. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203, 205. *Bacon* v. *Jaques*, 312 Mass. 371, 373. The tenant took the premises in the condition in which they were at the time of the letting, and the landlord is not liable for an injury sustained by the tenant on account of the unsafe condition of the premises

at the time the tenancy began or thereafter unless the injury was caused by a hidden defect of which the landlord had knowledge and which he did not disclose to the tenant. *Wallquist* v. *Rogers*, 237 Mass. 83. *Chelefou* v. *Springfield Institution for Savings*, 297 Mass. 236. *Hacker* v. *Nitschke*, 310 Mass. 754.

There was no evidence that the banister was installed by the defendant in pursuance of any contract between the tenant and the defendant. It was a gratuitous undertaking made at the suggestion of the defendant's agent with acquiescence by Mrs. Murphy and, if improperly performed, would impose liability only to her if she thereby sustained a personal injury and not to her guests, and even then there could be no recovery by her except upon proof of gross negligence upon the part of the defendant. *Thomas* v. *Lane*, 221 Mass. 447. *Bergeron* v. *Forest*, 233 Mass. 392. *Giorgio* v. *DiLiegro*, 285 Mass. 383. *Andrews* v. *Leominster Savings. Bank*, 296 Mass. 67. *Diamond* v. *Simcovitz*, 310 Mass. 150.

The location, construction and condition of the stairway and the banisters were open and obvious, and if the tenant wished to have the stairs lighted for the safety of her guest all she had to do was to turn on the light, the appliance for which was located in her apartment and under her control. The letting of a tenement with a winding stairway would not constitute a tort as against the tenant. *Miles* v. *Janvrin*, 196 Mass. 431. *Pizzano* v. *Shuman*, 229 Mass. 240. There was nothing about the situation existing at the time of the accident that could be properly characterized as "a trap," as alleged in the declaration. See *Reardon* v. *Thompson*, 149 Mass. 267; *Redigan* v. *Boston & Maine Railroad*, 155 Mass. 44; *Moffatt* v. *Kenny*, 174 Mass. 311; *Chick* v. *Gilchrist Co.* 208 Mass. 183; *Mackey* v. *Lonergan*, 221 Mass. 296; *Cohen* v. *Davies*, 305 Mass. 152. The stairway was not a dangerous instrumentality as alleged in the third count of the declaration. It is too plain for discussion that there is nothing that would bring the case within *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92.

*Exceptions overruled.*