GRACE E. CLARK *vs.* BESSIE T. HANDLEMAN & another.

Worcester.    April 10, 1947. — July 1, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Common hallway.

The owner of a business building, who retained control of a corridor therein leading to an exit, was not liable for personal injuries sustained by a business visitor of one of the tenants in the building through falling because of a drop of four inches in the floor level of the corridor behind swinging doors, where it appeared that such condition had "always" existed.

TORT. Writ in the Superior Court dated May 26, 1944. The case was tried before *Goldberg,* J.

In this court the case was submitted on briefs.

*F. P. Ryan & B. C. Tashjian,* for the defendants.

*E. A. Brodeur,* for the plaintiff.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff as a result of the alleged negligence of the defendants. At the close of the evidence the defendants filed a motion for a directed verdict. The motion was denied by the judge, and the defendants excepted to that action. The jury returned

a verdict for the plaintiff and the judge reserved leave to enter a verdict for the defendants. Thereafter he denied the defendants' motion that he so do, subject to the defendants' exception.

The jury would have been warranted in finding the following facts: On February 9, 1944, the defendants were the owners of the Slater Building in Worcester. The building extends along Main Street from Elm to Pearl streets in the center of the city. There is a side entrance to the building on Elm Street, which also serves as an exit. There are large offices on the first floor above the street called the Arcade. A flight of stairs runs from the Arcade to the side entrance to the building on Elm Street. There is à step down or drop of four inches in floor level from the lobby at the foot of that stairway, "and as one is leaving the building, the drop is behind a pair of wooden swinging doors with glass panels." If one walked without paying attention or "unconsciously, not knowing it [the drop], . . . [he] might not see the difference in the level." This variation in level had always existed in the building. On February 9, 1944, the plaintiff, after transacting some business in a public loan office on the floor of the building "the first flight up," a tenant of the building, which she had reached by a front entrance elevator, came down the stairs leading to the exit on Elm Street. From the bottom of the stairs "looking out the door, the floor seemed [to her] to be the same level." There was nothing to draw attention to the "drop." "The doors stopped it." They were swinging doors, and both of them were shut when the plaintiff approached them. She pushed the door, and as she pushed it she did not see any "drop . . . and . . . was thinking it was the same level as the floor." She "started to step, it was lower, and it was unexpected. It was such a shock . . . that . . . [she] went forward" and fell and was injured.

The denial of the defendants' motion for a directed verdict filed at the close of the evidence and of their motion for entry of a verdict for them under leave reserved by the judge was erroneous.

It is settled that the plaintiff's rights as a business invitee

of the tenant must be measured by the duty that the defendants owed to the tenant, *McDermott* v. *Merchants Coöperative Bank*, 320 Mass. 425, 426, and cases cited, and that the only duty with respect to the common passageway and exit in question was to use reasonable care to keep them, as parts of the building that remained in their control, in as good a condition as to safety as that in which they were or appeared to be when the relation of landlord and tenant between the defendants and the tenant began. *Sneckner* v. *Feingold*, 314 Mass. 613, 614, and cases cited. In the present case, as already noted, the condition complained of had "always" existed. It is appropriate to add that in *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston*, 181 Mass. 285, 286, where the personal injury was due to a fall sustained by the plaintiff while passing from one of the rooms of the Tremont Temple Building in Boston to the hallway or corridor on which the room opened, the floor of which was four and seven eighths inches above the floor of the hallway, it was held that such construction could not be said rightly to be "of itself defective or negligent." To the same effect see *Sterns* v. *Highland Hotel Co.* 307 Mass. 90, 92–93, and cases cited.

*Exceptions sustained.*
*Judgment for the defendants.*