*Southern Division*

## ANNA WASSERMAN
### v.
## PALMER RUSSELL CO.

*Callan, J.* In this action of tort the plaintiff, a tenant at will, seeks to recover from her landlord damages for personal injuries alleged to be sustained as a result of negligent repairs to the premises occupied by the plaintiff. The defendant answered by way of a general denial, contributory negligence and assumption of risk.

*There was evidence tending to show that* the plaintiff, a tenant at will of the defendant, occupied the premises in question for some months prior to the alleged injury, paying therefor rent in advance. Many months prior to the date of the injury sued on the plaintiff had complained about the condition

of her kitchen ceiling. Shortly before September 24, 1955, the plaintiff telephoned to the offices of the defendant. The party answering the 'phone was recognized by his voice as being a Mr. Waldron. Later that afternoon a man who worked around the property of the defendant corporation and whom the plaintiff had seen on the defendant's premises since September 25th, 1955 entered the plaintiff's kitchen and took a broom which he pushed up at the ceiling twice and then left.

On the next afternoon, September 25th, the plaintiff, while entertaining friends and in the act of preparing a meal, approached the kitchen stove and while removing a pot of hot soup from the stove to the sink, suffered injury to her head and a burn on her arm as a result of a piece of ceiling about five feet in diameter falling down into the soup. The plaintiff fainted shortly thereafter. The stove was directly below the piece of the ceiling that fell.

The defendant duly filed requests for rulings, as follows:

1. The evidence does not warrant a finding that the defendant, its agents or servants, was negligent.

2. The evidence does not warrant a finding other than that the alleged accident occurred on demised premises.

3. If the Court finds that the alleged accident occurred on demised premises, the plaintiff cannot recover.

4. The evidence does not warrant a finding of an agreement on the part of the defendant to repair the premises of which the plaintiff was a tenant.

5. The defendant breached no legal duty owed by it to the plaintiff.

6. The evidence does not warrant a finding that the defendant or its duly authorized servant or agent repaired the ceiling of the demised premises of the plaintiff prior to the accident.

7. The evidence does not warrant a finding of any consideration supporting the alleged agreement of the defendant to repair the premises where the alleged accident occurred.

8. The evidence does not warrant a finding for the plaintiff.

9. As a matter of law, the evidence does not warrant a finding that the negligence of the defendant, if any is found, proximately caused the alleged injuries.

10. The evidence does not warrant a finding other than that the plaintiff's own negligence in whole or in part contributed to cause her alleged injuries.

11. The evidence does not warrant a finding of a duty to repair the ceiling on the part of the defendant.

12. The evidence does not warrant a finding that the defendant was grossly negligent.

13. If the Court finds that the defendant was not grossly negligent, the plaintiff cannot recover.

14. The doctrine of *Res Ipsa Loquitur* does not apply.

15. The evidence does not warrant a finding other than that the plaintiff assumed the risk of her alleged injuries.

Requests No. 12 and 14 were allowed. All of the others were denied as "inapplicable to facts found." The judge made a finding of facts and found for the plaintiff. The defendant, claims to be aggrieved by the action of the judge in denying its requests for rulings and in his findings of facts and rulings of law.

█ The plaintiff is not suing in contract for breach of a covenant to repair on the part of the defendant but rather for damages sustained as a result of negligence flowing from an undertaking to repair. There is no evidence of any expressed agreement to repair on the part of the defendant, and in the absence of such an agreement the landlord is under no obligation to make repairs. *Mills v. Swanton,* 222 Mass. 557; *Green v. Hammond,* 223 Mass. 318; *Fiorntino v. Mason,* 233 Mass. 451.

█ The judge, however, in his findings of facts found that the man who made the repairs to the plaintiff's ceiling came as a result of the plaintiff's call to the defendant corporation and that this is evidence of an agreement to make repairs. Apparently the judge considered this in the nature of an ad-

mission on the defendant's part to repair. *McKeon v. Cutter*, 156 Mass. 296; *Readman v. Conway*, 126 Mass. 374; *Wierzbicki, Admr. v. Thacher*, 273 Mass. 346. But voluntary repairs by a landlord raise no presumption of a contract to repair and do not constitute an admission of an obligation to do so. *Kearines v. Cullen*, 183 Mass. 298; *Conahan v. Fisher*, 233 Mass. 234, 238; *Fiorntino v. Mason*, 233 Mass. 451.

 The repairs, or attempted repairs by the defendant's agent were a gratuitous act. The defendants accordingly can be held liable only for gross negligence. *Massaletti v. Fitzroy*, 228 Mass. 487, 509; *Bergeron v. Forest*, 233 Mass. 392; *Bailey v. First Realty Co.*, 305 Mass. 306; *Skolnick v. East Boston Savings Bank*, 307 Mass. 1; *Blood v. Dewey*, 315 Mass. 500; *McDermott v. Merchants Cooperative Bank*, 320 Mass. 425.

The judge found that the defendant was negligent. No gross negligence was found, which fact is strengthened by the judge's allowance of the defendant's 12th request that "the evidence does not warrant that the defendant was grossly negligent."

It is unnecessary to consider the other requests for rulings. The ultimate conclusion of the judge based on his subsidiary finding of facts is error. A finding should be entered for the defendant. *So ordered.*

Peter D. Cole, of Boston, for the Defendant 